284 So.2d 196 (1973)
John Phillip BAULDREE, Appellant,
v.
STATE of Florida, Appellee (Two Cases).
Nos. 42011, 42157.
Supreme Court of Florida.
October 10, 1973.
Edward R. Kirkland, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
PER CURIAM.
This consolidated cause is before us to review by writ of habeas corpus two convictions of murder in the first degree without recommendation of mercy and sentence of death imposed by the Circuit Court in and for Orange County. Subsequent to the defendant's convictions under authority of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), this Court in Anderson v. State, 267 So.2d 8 (Fla. 1972), reduced the defendant's sentence from death to life imprisonment. We dispense with oral argument as unnecessary. *197 See F.A.R., Rule 3.10(e), 32 F.S.A. We now consider the defendant's grounds urged for reversal.
The defendant's first point concerns the admissibility into evidence of allegedly gruesome and inflammatory photographs. The photographs in question consist of six color photographs of the defendant's slain wife and her slain father in the room where their bodies were found.
In one photograph, one of the bodies had been slightly moved. The defendant argues that under authority of 13 Fla. Jur., Evidence, § 296, such photographs taken after the body has been moved should be held inadmissible. The defendant's argument is without merit, for the only photograph in which the bodies were moved is Exhibit number nine, the only photograph the defendant recognizes as admissible.
As to the remaining photographs, defendant asserts that the test to be utilized to determine their admissibility is the "necessity" test which was established in Albritton v. State, 221 So.2d 192 (Fla. App.2d, 1969). The Albritton test was stated as follows:
"We think the sound and logical rule for admissibility is that if the pictorial evidence is not so inflammatory or gruesome as reasonably to prejudice the minds of the jury, the evidence is admissible provided it is relevant to any issue. But if such exhibit is so inflammatory and repulsive as would reasonably produce a prejudicial and exceedingly harmful effect on an otherwise impartial mind, it would not be admissible unless it would throw light upon a vital issue in the case and resolve, or reasonably tend to resolve, a conflict in evidence upon such vital issue."[1]
This Court, however, has announced a different view. In State v. Wright, 265 So.2d 361 (Fla. 1972), we commented on and stated the proper test as follows:
"... Appellant interprets the Young case [Young v. State, 234 So.2d 341 (Fla. 1970)] as holding that `necessity' rather than `relevancy' is the test for admissibility of gruesome photographs. `Necessity' may be a consideration where, as in Young, large numbers of cumulative photographs of a gruesome nature taken away from the scene of the crime, are offered into evidence. But relevancy remains the basic test, as stated in Young: [5.Id. at 347]
`The fact that the photographs are offensive to our senses and might tend to inflame the jury is insufficient by itself to constitute reversible error, but the admission of such photographs, particularly in large numbers must have same [sic] relevancy, either independently or as corroborative of other evidence.'
"Thus, the current position of this Court is that allegedly gruesome and inflammatory photographs are admissible into evidence if relevant to any issue required to be proven in a case. Relevancy is to be determined in the normal manner, that is, without regard to any special characterization of the proffered evidence. Under this conception, the issues of `whether cumulative', or `whether photographed away from the scene,' are routine issues basic to a determination of relevancy, and not issues arising from any `exceptional nature' of the proffered evidence."[2]
Applying this test of admissibility to this cause, we hold that the photographs in question were relevant and that no error was committed in admitting them into evidence.
The defendant's second and final point is that the evidence before the jury was insufficient to sustain a verdict of murder in the first degree. Upon careful consideration *198 of the record and briefs, we find no reversible error.
Accordingly, the convictions, as previously modified by reduction of sentence, are affirmed.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, McCAIN and DEKLE, JJ., concur.
NOTES
[1] 221 So.2d at 197.
[2] 265 So.2d at 362.