310 So.2d 320 (1975)
Daniel Eugene GRAY, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-832.
District Court of Appeal of Florida, Third District.
April 1, 1975.
*321 Phillip A. Hubbart, Public Defender, and Kurt Marmar, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Lance R. Stelzer, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The appellant has presented two points on appeal from his conviction for murder in the first degree. The first point does not present error because it is our view that the curative instruction given after the prosecutor's comment substantially eradicated any possible prejudice. See Hanson v. State, Fla. 1952, 56 So.2d 129.
Appellant's second point urges that he should have been given a psychological examination pursuant to CrPR 3.740 prior to sentencing. The rule clearly places the matter within the sound judicial discretion of the trial judge who has heard the evidence. In this case, no evidence was offered to the trial judge to suggest that the appellant was insane at the time he came in for sentencing. We think that the clear intent of the rule is that in the absence of evidence indicating insanity at the time of the sentencing, the trial judge need not order such an examination. See Grissom v. Wainwright, 494 F.2d 30 (5th Cir.1974).
Affirmed.