340 So.2d 950 (1976)
Lance Sidney WHEELIS, and William Edward Hawkins, Appellants,
v.
STATE of Florida, Appellee.
No. Y-399.
District Court of Appeal of Florida, First District.
December 3, 1976.
*951 George B. Weires, Miami, and Tyce S. Smith, Springfield, Mo., for appellants.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
SMITH, Judge.
Wheelis and Hawkins, convicted on a charge of attempted breaking and entering with intent to commit a misdemeanor, complain on this appeal of the trial court's exclusion of certain evidence offered by the defense and of the court's jury instruction concerning the weight to be given testimony by an accomplice. Florida Standard Jury Instructions in Criminal Cases, 2.12(d). We reverse on both grounds.
Wheelis and Hawkins were apprehended at an early morning hour on the roof of a Gainesville grocery. They were equipped with burglary tools and had broken a hole in a concrete block wall. Wheelis was working in the hole when arrested. In the joint trial, Hawkins testified for the defense that he and Wheelis did indeed break into the wall by removing concrete blocks but that "we never did nothing like that before and we decided we didn't want to go through with it" and so were replacing the blocks when the police arrived. On objection by the State that the crime of attempted breaking and entering was already complete and "[w]hat he attempted afterwards, I believe is irrelevant," the court excluded the rest of Hawkins' testimony, stating in the jury's absence that
"The crime was consummated when they went up there and started to work."
Wheelis' similar testimony was proffered and excluded on the same ground.
If the question before the trial court were the sufficiency of the evidence to present a jury question of whether the defendants' efforts had reached far enough toward the desired result to constitute an attempt to commit breaking and entering, we would unhesitatingly affirm the verdict and judgment. Groneau v. State, 201 So.2d 599, 603 (Fla.App. 4th, 1967), cert. den. 207 So.2d 452 (Fla. 1967). See also Crittendon v. State, 338 So.2d 1088 (Fla.App. 1st, 1976). But the question is rather whether Hawkins' testimony of his decision to abandon the criminal purpose and repair the hole was so remote and irrelevant to the charge that the jury could not properly consider it.
We conceive that the evidence was relevant. The jury, properly charged on the elements of criminal attempt, may with good reason have rejected the defense theory of abandonment. But the trial court would not have had authority to instruct the jury that "[t]he crime was consummated when they went up there and started to work." For "[i]t is elementary that every element of a criminal offense must be proved sufficiently to satisfy the jury (not the court) of its existence." Henderson v. State, 155 Fla. 487, 490, 20 So.2d 649, 651 (1945);[1] Art. I, §§ 16, 22, Florida Constitution. Of course, no such charge was given the jury in this case. But pretermitting the defendants' proof had the same effect.
Had the arresting officer observed Hawkins and Wheelis chisel the first chip of concrete from the first block, it might *952 truthfully be said, as the trial court stated, that the attempt offense was complete. Yet it does not follow that the prosecution would thereby be disabled to prove that, as the officer observed, the defendants continued to widen the hole. The evidence would have been admitted to show their acts occurring at the same time and place and which were integral to the conduct for which they were prosecuted. Washington v. State, 118 So.2d 650, 653 (Fla.App.2d, 1960); Powell v. State, 208 So.2d 146 (Fla. App. 4th, 1968); Smith v. State, 311 So.2d 775 (Fla.App.3d, 1975), cert. den. 327 So.2d 35 (Fla. 1976); 2 P. Herrick, Underhill Criminal Evidence § 266 (5th ed., 1976 cum. supp.). The same doctrine makes relevant the testimony here excluded. Thin as the defense theory of abandonment was, that was a matter for the jury's determination.
Hawkins having testified, the trial court charged the jury over objection by both Hawkins and Wheelis:
"When two or more persons take part in the commission of a crime each is an accomplice of all the others. The testimony of an accomplice must be received with great caution and carefully examined by you before a conviction is based upon it. This is particularly true where there is neither direct testimony nor circumstances tending to corroborate the testimony of an accomplice. However, the testimony of an accomplice, even though uncorroborated, is sufficient from which to base a conviction if you are convinced by it of the defendant's guilt beyond a reasonable doubt."
The State has referred us to no reported Florida decision approving the quoted charge in connection with defense testimony by an "accomplice" of the accused or by one of two defendants tried jointly. Disapproval is implied in Myers v. State, 43 Fla. 500, 514-15, 31 So. 275, 279 (1901). Properly employed, the charge requires the jury's careful examination of the accusatory testimony in behalf of the State of an alleged accomplice who may have collateral interests in accusing the defendant on trial.[2] But as here employed, the charge improperly cast doubt and suspicion on testimony given by Hawkins in behalf of himself and Wheelis. See Cool v. United States, 409 U.S. 100, 93 S.Ct. 354, 34 L.Ed.2d 335 (1972); Presley v. State, 61 Fla. 46, 54 So. 367 (1911). The instruction was harmful to both Hawkins and Wheelis.
REVERSED.
MILLS, J., concurs.
BOYER, C.J., concurs in part and dissents in part.
BOYER, Chief Judge (concurring in part and dissenting in part).
I concur that inasmuch as both Wheelis and Hawkins were being tried simultaneously in a joint trial, the "accomplice instruction" should not have been given and that therefore, as to that point, reversal is required.
I cannot agree that the trial court erred in excluding as irrelevant what might have been attempted by appellants after the crime was consummated. In the majority opinion repeated reference is made to the defense "theory of abandonment". I am not of the view that a crime, once committed, may be abandoned. As the trial judge observed "the crime was consummated when they went up there and started to work." That they thereafter changed their mind and sought to undo their destruction by replacing the concrete blocks which had been removed is immaterial. A crime, once committed, cannot be uncommitted. The testimony which was excluded did not seek to establish abandonment of the scheme prior to consummation of the crime. Accordingly, I am of the view that in that regard the trial judge should be affirmed.
NOTES
[1] The court in Henderson, reversing a conviction for assault with intent to have intercourse with a minor female, held it error to charge the jury that evidence of the assault "stands uncontradicted," that the girl's previous chaste character had been established "without any contradiction" and that the only issue was Henderson's intent.
[2] "The reasons which have led to this distrust of an accomplice's testimony are not far to seek. He may expect to save himself from punishment by procuring the conviction of others. It is true that he is also charging himself, and in that respect he has burned his ships. But he can escape the consequences of this acknowledgment, if the prosecuting authorities choose to release him provided he helps them to secure the conviction of his partner in crime... ." 7 Wigmore, Evidence § 2057, at 322 (3d ed., 1940).