340 So.2d 536 (1976)
Leroy ALLEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-385.
District Court of Appeal of Florida, Third District.
December 20, 1976.
*537 Phillip A. Hubbart, Public Defender and Karen M. Gottlieb, Asst. Public Defender and Larry Besser, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and William M. Grodnick, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
PER CURIAM.
Leroy Allen was indicted for first degree murder, tried by jury and found guilty of second degree murder. The trial court adjudicated Allen guilty of second degree murder, and sentenced him to ten years in the state penitentiary. The sole point raised on appeal is that the court erred in admitting, over defense counsel's objection, photographs of the deceased victim, taken at the scene of the crime.
Defendant Allen contends that the photographs were gruesome, gory, not relevant to any facts in issue, and prejudicial to his right to a fair and impartial trial. We have examined the copies of the photographs provided in the record on appeal, and we are of the opinion that the trial court did not err in admitting them into evidence.
As the Florida Supreme Court held in State v. Wright, 265 So.2d 361, 362 (Fla. 1972), photographs taken at the scene of a crime, which are alleged to be gruesome and inflammatory, will be admissible into evidence if they are relevant to any issue required to be proven in a case; relevancy is to be determined in the normal manner, without regard to any special characterization of the proffered evidence. The admissibility of photographs as evidence is a matter within the broad discretion of the trial court, and a ruling thereon will not be disturbed except when shown to be clearly abusive or patently erroneous under the circumstances revealed by the record. Belger v. State, 171 So.2d 574 (Fla. 1st DCA 1965); Reed v. State, 224 So.2d 364 (Fla. 4th DCA 1969). See also, Garmise v. State, 311 So.2d 747 (Fla. 3rd DCA 1975), and Swan v. State, 322 So.2d 485, 487 (Fla. 1975).
The record on appeal in this case demonstrates that the photographs met the test of relevancy, and that they were not of such a nature as to be prejudicial or inflammatory.
Affirmed.