PER CURIAM.
After a trial by jury defendant Willie Dunn was convicted for (1) uttering a *807 forged instrument, (2) unlawful possession of a forged instrument and (3) attempted grand larceny. He was given sentences of 30 months each on counts 1 and 2 and one year on count 3 above, all sentences to be served concurrently.
Dunn urges as error, failure of the trial judge to declare a mistrial after a police officer gave testimony relating to a crime for which he was not being tried. This alleged error arises out of the following colloquy between the prosecuting attorney and Tampa police detective Dennis D. Kop-lin who was called as a state witness for the limited purpose of testifying as to Dunn’s flight to avoid prosecution and evasion of prosecution:
sf! sf: Jjs * *
“Q. (By Mr. Munroe) Did you have occasion to ask him for any identification showing that he was, in fact, Willie James Palmer?
“A. Yes, sir.
“Q. Did he produce any identification?
“A. He had none on his person.
We had seized other identification which he stated was his.
0; sf: sfs >f! sfc sfs
“Q. And what is that object, sir?
“A. International driver license.
“Q. And where did you first see that item, sir?
“A. It was turned over to me from a uniformed officer.

Defense counsel moved for mistrial on the ground this testimony indicated to the jury that Dunn was in fact in custody and, therefore, this was evidence of another crime. The motion was denied. We find no abuse in the court’s denial of the motion for mistrial as such a motion should not be granted in the middle of a criminal trial unless there is an absolute legal necessity to stop the trial and discharge the jury. See Kelly v. State, 202 So.2d 901 (Fla. 2d DCA 1967). At best, Dunn’s contention that this testimony evidenced to the jury another crime for which he was not being tried is mere speculation and conjecture.
Further, we conclude that if there was error, then, under the circumstance, it was not fundamental. See Ashford v. State, 274 So.2d 517 (Fla. 1973); Marion v. State, 287 So.2d 419 (Fla. 4th DCA 1974).
We also considered defendant’s second point on appeal that the sentences were improper and find no error. See Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975).
Affirmed.