353 So.2d 210 (1977)
Donald S. CREWS, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1726.
District Court of Appeal of Florida, Third District.
December 27, 1977.
Jack R. Nageley, Miami Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Arthur Joel Berger, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Donald Crews seeks reversal of his conviction for robbery following a jury trial and first urges as reversible error the denial of his motion for mistrial after the prosecution allegedly introduced evidence of another crime for which he was acquitted.
Defendant in the instant case was charged with the robbery of a 7-11 Store on July 18, 1975 located in the same vicinity of a Lil' General Store which was robbed at about the same time on the same date. Defendant was charged with the robbery of the Lil' General Store and was acquitted. During his trial for the 7-11 Store robbery, the prosecutor asked Detective Cameron the following question:
* * * * * *
"Q Did you have occasion, sir, to become involved in the investigation of a robbery that occurred at the Lil' General Store out on West Dixie Highway?
"A Yes, sir."
* * * * * *
Defense counsel objected and moved for a mistrial. A sidebar conference was held at which the prosecutor explained that he meant to say 7-11 Store instead of Lil' General Store and requested that he be allowed to reask the question, this time using 7-11 Store instead of Lil' General Store. The motion for mistrial was denied and Detective Cameron was admonished by the trial judge not to mention anything in regard to the Lil' General Store robbery. The prosecutor then questioned Detective Cameron:
* * * * * *

*211 "Q (By Mr. Godwin) Let me ask you this question again: In the course of your official capacity, did you become involved in the investigation of a robbery in North Miami at a 7-11 Store?"
* * * * * *
The defendant contends that the above question indicated to the jury that he was involved in the robbery of the Lil' General Store resulting in reversible error since he had been acquitted with respect to that robbery. We find this contention amounts to pure speculation or mere conjecture upon which reversible error cannot be predicated. See Sullivan v. State, 303 So.2d 632 (Fla. 1974); Hutchins v. State, 334 So.2d 112 (Fla.3d DCA 1976). We conclude likewise on defendant's same contention with regards to the isolated respective references of two other witnesses as to "two robberies" and "two stores".
We also examined defendant's second contention of insufficiency of the evidence and have determined that it is without merit in that an eyewitness to the robbery positively identified the defendant.
Affirmed.