355 So.2d 143 (1978)
Roderick E. JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-396.
District Court of Appeal of Florida, Third District.
February 7, 1978.
Rehearing Denied March 10, 1978.
*144 Max P. Engel and Don Cohen, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and William M. Grodnick, Asst. Atty. Gen., for appellee.
Before KEHOE, J., and BOYD, JOSEPH A., Jr., and CHARLES CARROLL (Ret.), Associate Judges.
PER CURIAM.
This appeal by a defendant below, Roderick E. Johnson who was tried with a co-defendant before a jury, from conviction of the offenses of murder in the first degree, robbery, kidnapping, and unlawful possession of a firearm while engaged in a criminal offense. On the first of said offenses he was sentenced to life imprisonment without eligibility for parole for 25 years. He was sentenced to life imprisonment on each of the second and third offenses, with provision for the three sentences to be served consecutively. On the fourth offense sentence was stayed and withheld. In seeking reversal appellant presents a number of grounds. On consideration thereof in the light of the record, briefs and argument, we hold no reversible error has been shown.
Appellant's first contention is that the court committed reversible error in denying his motions for severance.
Implication of the defendant in the confession of the co-defendant Stanley, which was introduced, did not require severance, where the co-defendant testified at the trial and was available for cross-examination. Bruton v. United States, (1968) 391 U.S. 123 at pp. 132 and 137-138, 88 S.Ct. 1620, 20 L.Ed.2d 476. The same applies to inculpatory statements implicating Johnson made by Stanley to police officers prior to the above-mentioned confession, which were related at trial.
Another feature which appellant argues was such as to require severance was that during the testimony of a witness with whom the defendants had conversed regarding the criminal episode after it occurred, in seeking to impeach the witness the attorney for the codefendant inquired if, in a deposition given by him, he had not stated: "* * * and the last time we got into some trouble about a rape and Bobby and Ricky was with me he got out and I *145 didn't tell on them that time so Ricky said, `I can trust you' * * *". The court instructed the jury to disregard. The injection of that statement into the case did not impel severance. Elias v. State, 301 So.2d 111 (Fla.2d DCA 1974). In the matter of severance, the court has a measure of discretion. Here the denial of severance was not shown to be a clear or palpable abuse of discretion. Manson v. State, 88 So.2d 272 (Fla. 1956); Ballard v. State, 323 So.2d 297 (Fla.3d DCA 1975).
An inculpatory statement made by this defendant to investigating officers, which was introduced at trial, was made by the defendant voluntarily after he was informed of his constitutional rights.
As to the photographs of the deceased which were admitted in evidence, their relevancy supported their admission. Bauldree v. State, 284 So.2d 196 (Fla. 1973); Garmise v. State, 311 So.2d 747 (Fla.3d DCA 1975). With reference to that matter, also, there was discretion in the court, and a ruling as to admissibility of such photographs will not be disturbed in absence of a showing that the admission thereof constituted an abuse of discretion under the circumstances. Allen v. State, 340 So.2d 536 (Fla.3d DCA 1976); Mack v. State, 346 So.2d 1229 (Fla.3d DCA 1977).
No error was committed by the trial court in acceding to the State's request to require the appellant-defendant to submit examples of his handwriting when, on the fourth day of the five-day trial, the defendant stated he could not recognize as his own the signature of his name on the written waiver of Miranda rights, which the State had presented. See: Fla.R.Crim.P. 3.220(b)(1)(viii). The State then produced a handwriting expert who testified that in his opinion the signature on the waiver was that of the defendant. Motion was made by the defendant for the trial to be interrupted for a two-day continuance in order to permit the defendant to obtain and present the testimony of a handwriting expert regarding the questioned signature. The court denied the motion for continuance. Appellant contends that ruling operated to deny him due process and a fair trial, for which a new trial should be granted. We cannot agree. We hold the ruling denying continuance was not an abuse of discretion. At most, if the defendant had presented a handwriting expert who should testify the signature on the waiver was not that of the defendant in his opinion, that would not have established a lack of genuineness, but only a conflict in the evidence of the experts. The State had presented direct testimony that the waiver was signed by the defendant. The conduct of the defendant, in making an inculpatory statement to the officers after the time it was testified the waiver was signed, was action by him consistent with the existence of the waiver, and inconsistent with an absence thereof. The error, if any, in regard to the last mentioned ruling of the trial court, was harmless. Section 924.33, Florida Statutes (1975).
Affirmed.