357 So.2d 1031 (1978)
Bobby STANLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-500.
District Court of Appeal of Florida, Third District.
March 21, 1978.
Rehearing Denied May 19, 1978.
*1032 Galbut, Galbut & Menin, Miami Beach and Mike Salomon, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Arthur Joel Berger and Ira N. Loewy, Asst. Attys. Gen., for appellee.
Before PEARSON, NATHAN and KEHOE, JJ.
PER CURIAM.
Bobby Stanley and Roderick Johnson were indicted for first degree murder, robbery, kidnapping and unlawful possession of a firearm while engaged in a criminal offense. They were tried together by a jury which found them both guilty on all counts. The trial judge convicted and sentenced each defendant to three consecutive terms of life imprisonment in the state penitentiary for murder, robbery and kidnapping, and suspended sentence on the possession of firearm count. Defendant Johnson took an appeal from his judgment of conviction and sentence, which was recently affirmed by this court in Johnson v. State, 355 So.2d 143 (Fla. 3d DCA 1978), opinion filed February 7, 1978. The case now before us is an appeal by defendant Bobby Stanley from his judgment of conviction and sentence.
Of the seven points raised by Stanley on this appeal, the only one which merits full discussion is that the court erred in instructing the jury by reading Florida Criminal Standard Jury Instruction 2.12(d), after the co-defendant (Johnson) had testified on *1033 his own behalf and on behalf of defendant-appellant Stanley. The record reflects that the following instruction was given:
"When two or more persons take part in the commission of a crime each is an accomplice of all the others.
The testimony of an accomplice must be received with great caution and carefully and closely examined by you before a conviction is based upon it. This is particularly true when there is neither direct testimony nor circumstances tending to corroborate the testimony of the accomplice. However, the testimony of an accomplice, even though uncorroborated, is sufficient upon which to base a conviction if you are convinced by it of the defendant's guilt beyond a reasonable doubt." (Emphasis added).
According to Stanley, the charge concerning the weight to be accorded the testimony of an accomplice, under these circumstances where both defendants testified in their own behalf and not on behalf of the state, had the effect of instructing the jury to only accept Johnson's testimony exculpating Stanley, after examining it with great caution; thereby shifting an improper burden on the defense, allowing the jury to convict despite its failure to find guilt beyond a reasonable doubt. As authority, Stanley cites Cool v. United States, 409 U.S. 100, 103, 93 S.Ct. 354, 34 L.Ed.2d 335 (1972).
Stanley further contends that the state had no tangible evidence of the guilt of either defendant, except their confessions. Thus, with the only defense asserted by Stanley and Johnson being alibi, and each defendant exculpating the other by his alibi testimony, the state's case rested solely on the fact that a crime had been committed, and that there were confessions. Therefore, he reasons, since the state's case depended upon the jury either believing or disbelieving the testimony of co-defendant Johnson, the instruction to receive Johnson's testimony with great caution and care improperly cast doubt and suspicion on that testimony, was highly prejudicial and made the state's burden of proof easier. In support of this, Stanley cites Wheelis v. State, 340 So.2d 950 (Fla. 1st DCA 1976).
We find the foregoing arguments and authorities to be persuasive but not controlling. The record reflects, and appellant concedes, that defense counsel raised no trial objection to the giving of the instruction, in spite of the fact that there was also an opportunity to do so at the charge conference. For this reason, we agree with the state's position that defendant has no standing to raise this on appeal. See Blatch v. State, 216 So.2d 261 (Fla. 3d DCA 1968); Williams v. State, 285 So.2d 13 (Fla. 1973); Williams v. State, 346 So.2d 554, 558 (Fla. 3d DCA 1977); Florida Rule of Criminal Procedure 3.390(d); Florida Appellate Rule 6.7(g). In response to the state's position, Stanley would have us declare the giving of the instruction to be fundamental error.
Fundamental error which can be considered on appeal without objection in the trial court, is defined as "error which goes to the foundation of the case or goes to the merits of the cause of action;" and the appellate court should exercise its discretion under the doctrine of fundamental error very guardedly. Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970); Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976). See also dissent by Judge Hubbart in Porter v. State, 356 So.2d 1268 (Fla. 3d DCA 1978), opinion filed March 7, 1978. Although in Wheelis v. State, supra, it was held that the giving of the accomplice instruction was error where the co-defendants testified on their own behalf, it was not held to be fundamental error. Likewise in Cool v. United States, supra, the defense made an objection sufficient to preserve the point on appeal. Additionally, we note that this particular instruction did not stand alone. It was incorporated into a series of instructions having as their thrust, the theme that the burden of proof was upon the state at every stage of the proceedings to prove guilt beyond a reasonable doubt. The trial court's instructions are to be taken as a whole, and even if an isolated passage might be error if standing by itself, that alone is not a sufficient ground for reversal. See Boyd v. United States, 271 U.S. 104, *1034 107, 46 S.Ct. 442, 70 L.Ed. 857 (1926); and compare Forrest v. State, 133 Fla. 310, 182 So. 849, 853 (1938). Therefore, we hold that the giving of the instruction complained of, if error, was not fundamental error so as to warrant reversal of Stanley's conviction absent a timely objection at trial.
Stanley has raised six other points on appeal. The first is that it was error for the court to allow the state to inquire, and to require the defendant to respond and admit that he was in custody for unrelated charges at the time of his arrest for the offenses charged herein. The defendant, having volunteered this information on his own direct examination, this point is governed by the invited error rule, which stands for the proposition that a defendant may not take advantage on appeal of an error which he himself induced at trial. Sullivan v. State, 303 So.2d 632 (Fla. 1974); Castle v. State, 305 So.2d 794, 797 (Fla. 4th DCA 1974); Ellison v. State, 349 So.2d 731 (Fla. 3d DCA 1977).
The second point relates to reference by Stanley during trial to a "test," meaning the polygraph examination which he took. This point is governed by the invited error rule, supra, as well as by Hutchins v. State, 334 So.2d 112 (Fla. 3d DCA 1976), and Crews v. State, 353 So.2d 210 (Fla. 3d DCA 1977), which cases hold that reversible error cannot be predicated upon pure speculation or mere conjecture. Stanley's contention that the word "test" inevitably would be construed by the jury to mean polygraph examination, is mere conjecture.
The third point relates to the admission into evidence of color photographs of the deceased victim. We find that their relevancy supported their admission. Bauldree v. State, 284 So.2d 196 (Fla. 1973); Garmise v. State, 311 So.2d 747 (Fla. 3d DCA 1975); Johnson v. State, supra. Stanley has failed to demonstrate that the admission of the photographs constituted an abuse of the trial court's discretion. Allen v. State, 340 So.2d 536 (Fla. 3d DCA 1976); Mack v. State, 346 So.2d 1229 (Fla. 3d DCA 1977).
The fourth point is that the court erred in adjudicating Stanley guilty of first degree murder, robbery and kidnapping. We find this point to be without merit as the jury verdict and conviction thereon are based upon ample, substantial competent evidence at trial, proving up each and every element of the crimes charged beyond a reasonable doubt.
The fifth point is that the court erred in failing to suppress statements made by Stanley while in police custody. This point is not an adequate basis for reversal. A specific objection to the introduction of evidence must be timely raised during trial in order to be properly considered on appeal, as failure to raise such objection constitutes a waiver. The objection cannot be raised either at a later stage of the proceedings or on appeal, even though a motion to suppress the evidence was preliminarily made and denied by the court. See Shea v. State, 167 So.2d 767 (Fla. 3d DCA 1964); Koran v. State, 213 So.2d 735, 737 (Fla. 3d DCA 1968). Also see Rodriguez v. State, 189 So.2d 656 (Fla. 3d DCA 1966); State v. Dixon, 348 So.2d 333 (Fla. 2d DCA 1977).
The sixth and final point is that the court erred in publishing the defendant's formal written statements after first allowing in testimony of his prior oral statements. Reversible error is not shown on this point. The fact that Stanley made an oral confession, the circumstances under which it was made and its contents were all relevant to the material issues of whether the written confession was voluntary, and consequently a proper area of inquiry for the state. Paramore v. State, 229 So.2d 855 (Fla. 1969); State v. Oyarzo, 274 So.2d 519 (Fla. 1973); Williams v. State, 353 So.2d 588 (Fla. 3d DCA 1977).
Affirmed.