KEHOE, Judge.
Appellant, defendant below, brings this appeal from a judgment of conviction entered pursuant to a jury verdict finding him guilty of two counts of first degree murder and of two counts of attempted first degree murder (all counts involving different persons). For these crimes, appellant was sentenced to consecutive life terms, without the possibility of parole for 25 years, plus an additional 15 years to run consecutively to the two life terms. For the reasons set forth below, we hold that the judgment of conviction and sentence should be affirmed.
Appellant was jointly indicted, along with Dale James King and James Randolph Jacobs, by the Grand Jury on May 4, 1976. *1108 King was tried separately, found guilty of two counts of first degree murder and two counts of attempted first degree murder, and sentenced to life imprisonment for the first degree murder charges and to 15 years imprisonment for the attempted murder charges. This judgment of conviction and sentence were affirmed by this court in King v. State, 355 So.2d 831 (Fla. 3d DCA opinion filed February 21, 1978). Jacobs was tried jointly with appellant herein, Phillip Brannon Courtney. Jacobs was found guilty on two counts of the lesser offense of second degree murder and two counts of the lesser offense of aggravated battery. His appeal, from this judgment of conviction and sentence, is presently pending before this court in Jacobs v. State, 358 So.2d 1110 (Fla. 3d DCA).
The ruthless and savage action which compelled the joint indictment of appellant, Jacobs, and King, was the discharge of a shotgun by one of them, from an automobile in which they were riding, at a group of persons standing adjacent to a street. This barbaric action resulted in the death of two persons and the wounding of two others. The facts of the incident are related in detail in this court’s opinion in King v. State, cited above, authored by the late Justice E. Harris Drew, Retired, as Associate Judge. For the purposes of the instant appeal, it is unnecessary for us to restate those facts in detail.
Appellant raises the following three points on appeal: (1) that the comment of the prosecutor characterizing a statement made by Dale James King, which was not introduced into evidence, as a confession, was so prejudicial as to deprive him of a fair trial; (2) that certain photographs, taken at the scene of the crimes and at the autopsies of the victims, were so gruesome and irrelevant that their introduction into evidence was so prejudicial as to deny him a fair trial; and (3) that the trial court erred in allowing the prosecutor to elicit certain hearsay testimony, allegedly under the co-conspirator exception to the hearsay rule, because the testimony concerned inculpato-ry statements made by the co-defendant which were not made in the furtherance of any conspiracy, thereby, violating his constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution.
During the course of the trial, appellee sought to admit an item of documentary evidence. When appellee attempted to have one of its witnesses identify the document, appellant’s counsel immediately asked to be told the nature of the document. In response, appellee replied, “It is the confession of Dale James King.” A side-bar conference was immediately held and appellee informed the trial court that he intended to introduce King’s confession into evidence under the co-conspirator hearsay exception and that, because King had been severed from this trial, he was available for cross-examination. The trial court ruled that the document was inadmissible and then instructed the jury to disregard it, as follows:
“THE COURT: I want to instruct the jury at this time — I believe it was yesterday that I said lawyers are advocates and make statements in court, both as to the law and as to evidence.
I have instructed you that the evidence will come from the witness stand or through the clerk and the instructions will come from me.
Just because somebody labels a document in such a manner, that is not for your consideration. You are to disregard any comment on what the document purports to be.”
Subsequently, King was called as a witness, but he refused to testify on the ground of self-incrimination. Although the trial court ruled that King had waived the privilege by testifying at his own trial, he still refused to testify, and the document in question was never admitted into evidence.
Under these circumstances, the principles espoused in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and relied upon by appellant, are not applicable. Further, we hold that no reversible error resulted from this incident. See, e. g., Thomas v. State, 326 So.2d 413 *1109 (Fla.1975); Dunn v. State, 341 So.2d 806 (Fla. 3d DCA 1977); Abbott v. State, 334 So.2d 642 (Fla. 3d DCA 1976); Bullard v. State, 324 So.2d 652 (Fla. 1st DCA 1975); Gray v. State, 310 So.2d 320 (Fla. 3d DCA 1975); and Wilcox v. State, 299 So.2d 48 (Fla. 3d DCA 1974). Accordingly, appellant’s first point on appeal is without merit.
Appellant, in his second point on appeal, attacks the propriety of the trial court’s admitting into evidence certain photographs taken at the scene of the crime and at the autopsies of the murder victims. The courts of this State have been called on many times to grapple with the problems concerning the admissibility into evidence during trial of photographs, the subject matter of which have often been occasioned by the conduct of criminal defendants. The general principles which have evolved are that the admissibility of photographs into evidence is a matter for the trial court’s determination and that the broad discretion accorded to the trial judge in ruling on such admissibility will not be disturbed, except when it is shown to be clearly abusive or patently erroneous under the circumstances revealed by the record. Generally, the determination of admissibility is predicated upon relevancy. See, e. g., Swan v. State, 322 So.2d 485 (Fla.1975); Bauldree v. State, 284 So.2d 196 (Fla.1973); Cravero v. State, 349 So.2d 649 (Fla. 3d DCA 1977); Allen v. State, 340 So.2d 536 (Fla. 3d DCA 1976); and Garmise v. State, 311 So.2d 747 (Fla. 3d DCA 1975). In applying these principles to the instant case, it is clear that the relevancy of the photographs admitted into evidence was disclosed. Further, we have concluded that the trial judge did not abuse his discretion or otherwise commit error by allowing the photographs into evidence. Therefore, appellant’s second point on appeal is also without merit.
Appellant, in his third point on appeal, argues that a certain statement made by his co-defendant, James Randolph Jacobs, was improperly admitted into evidence. Appellant asserts that this statement was hearsay, but that, regardless, it was admitted under the co-conspirator exception to the hearsay rule. Appellant contends that such exception is not applicable here and, consequently, the statement was improperly admitted into evidence against him. Our review of the record leads us to the conclusion that appellant’s contentions, in regard to his third point on appeal, are also meritless.’ The record clearly shows that Jacobs’ statement was admitted only against him, and not against appellant. The statement was not prejudicial to appellant; all it did was implicate Jacobs. Accordingly, we have concluded that the admission into evidence of the statement was entirely proper and appellant has failed to show any error in regard to it. See Johnson v. State, 225 So.2d 440 (Fla. 1st DCA 1969); and Zide v. State, 225 So.2d 349 (Fla. 1st DCA 1969).
The record shows that appellant received a full and fair trial, and was ably assisted by competent counsel. By this appeal, no reversible prejudicial error has been made to appear. Therefore, the judgment of conviction and sentence appealed are affirmed.
Affirmed.
BOYD, JOSEPH A., Associate Judge, dissents.