PER CURIAM.
The appellant, James Randolph Jacobs together with Phillip Brannon Courtney *1111 and Dale James King was indicted, charged in two counts with first degree murder (of different persons) and in two other counts with attempted first degree murder of separate named persons.
Jacobs and Courtney were tried together before a jury. On the first two counts, Jacobs was found guilty of the lesser offense of second degree murder. On the third and fourth counts he was found guilty of the lesser offense of aggravated battery. Judgment was entered thereon, and Jacobs was sentenced on the first two counts to life imprisonment terms and on the third and fourth counts was sentenced to fifteen-year terms of imprisonment, with provision for the sentences to be served consecutively. Jacobs has appealed.
Dale James King, tried separately, was convicted. He appealed, and this court affirmed. See: King v. State, 355 So.2d 831 (Fla. 3d DCA 1978).
The action which prompted the indictment was the discharge of a shotgun by one of the above-named persons, from a vehicle which they occupied, at and into a gathering of persons, killing two of such persons and wounding others.
The facts of the incident are related in detail in this court’s opinion in King v. State, supra, authored by the late Justice E. Harris Drew, Retired, as Associate Judge. For the purpose of this appeal, reference is made to the facts as stated in the King case opinion, without undertaking to restate them here.
The appellant, Jacobs, presents four contentions as grounds for reversal. On consideration thereof in light of the record, briefs and argument, we hold no reversible error has been shown.
During the trial, when the prosecutor presented an instrument for which he intended to seek admission, defense counsel requested to know what the document was. The prosecutor responded, saying: “It is the confession of Dale James King”. The prosecutor explained that he was submitting the document because it was intended to present King as a witness who would be subject to cross-examination. The court ruled that the item was not admissible at that time, and then instructed the jury to disregard, as follows:
“THE COURT: I want to instruct the jury at this time — I believe it was yesterday that I said lawyers are advocates and make statements in court, both as to the law and as to the evidence.
“I have instructed you that the evidence will come from the witness stand or through the clerk and the instructions will come from me.
“Just because somebody labels a document in such manner, that is not for your consideration. You are to disregard any comment on what the document purports to be.”
When called as a witness King refused to testify, on the ground of self-incrimination. Although the court ruled King had waived the privilege by testifying at his own trial, King still refused to testify, and the document in question was not admitted in evidence. In the circumstances, Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) relied on by the appellant is not applicable. We hold no reversible error resulted from this incident. See: Gray v. State, 310 So.2d 320 (Fla. 3d DCA 1975); Bullard v. State, 324 So.2d 652 (Fla. 1st DCA 1975); Thomas v. State, 326 So.2d 413 (Fla.1975).
The photographs introduced in evidence did not constitute error. Their relevance was disclosed. Objection thereto at trial was lacking. See: Hoyt v. State, 119 So.2d 691 (Fla.1960); Tomlin v. State, 167 So.2d 745 (Fla. 2d DCA 1964); Williams v. State, 228 So.2d 377 (Fla.1969); Pressley v. State, 261 So.2d 522 (Fla. 3d DCA 1972). The motion to dismiss, to which the State filed a traverse, was not sworn to, as required by Fla.R.Crim.P. 3.190(c)(4). The defendant presented a subsequent sworn motion to dismiss alleging the same facts, to which the State did not file a traverse. Appellant contends that absence of a traverse thereof established the facts alleged in the second motion, and that it was error to deny the same, relying on State v. Giesy, *1112 243 So.2d 635 (Fla. 4th DCA 1971). The State argues that its traverse of such facts, when alleged in the first motion to dismiss, carried over to the second motion, and further that the second motion (which stated no new facts) was considered by the court on its merits and was properly held to be insufficient to require dismissal. The denial of the motion to dismiss was not error. See: State v. McIntyre, 303 So.2d 675 (Fla. 4th DCA 1974); State v. Kling, 335 So.2d 614 (Fla. 2d DCA 1976).
The rulings of the trial court in denying severance, and in allowing testimony concerning inculpatory statements made by a codefendant did not constitute reversible error. The ruling relating to severance was one within the sound judicial discretion of the court. No clear abuse of such discretion was shown. See: Ballard v. State, 323 So.2d 297 (Fla. 3d DCA 1975); Abbott v. State, 334 So.2d 642 (Fla. 3d DCA 1976). The inculpatory statements which witnesses testified were made to them, were by Jacobs himself or by Courtney in Jacobs’ presence, prior to their arrest. A Bruton situation was not presented, and no reversible error resulted. See: Phillips v. State, 177 So.2d 243 (Fla. 1st DCA 1965); Wakeman v. State, 237 So.2d 61 (Fla. 4th DCA 1970); Tucker v. United States, 279 F.2d 62 (5th Cir. 1960); United States v. Schroeder, 433 F.2d 846 (8th Cir. 1970).
Affirmed.
BOYD, Associate Judge, dissents.