PER CURIAM.
The appellant, Julio A. Nunez, was found guilty by a jury of attempted delivery or possession with intent to deliver more than one hundred pounds of marijuana. Adjudication was withheld and Nunez was sentenced to five years probation. This appeal is from the judgment and sentence.
Four points are presented, none of which shows reversible error. The first two points urge error upon the court’s denial of defendant’s motion to suppress evidence concerning the marijuana found in the truck he was driving. A review of the evidence at the hearing upon the motion to suppress shows evidence which, if believed by the trial court, is sufficient to sustain the trial court’s finding that the stop was legal as based upon a well-founded suspicion of defendant’s illegal activity. See State v. Payton, 344 So.2d 648 (Fla.2d DCA 1977); see also State v. Spanierman, 267 So.2d 102 (Fla.2d DCA 1972). The arrest was legal because the facts established probable cause that the defendant had committed the crime for which he was later convicted. See Escobio v. State, 64 So.2d 766 (Fla.1953); and State v. Padilla, 235 So.2d 309 (Fla.3d DCA 1970).
The order denying the motion to suppress defendant’s confession is, likewise, supported by sufficient evidence that proper warnings were given and that the confession was freely and voluntarily given. There remains a question raised by defendant that the trial judge refused to rule upon the voluntariness of the confession and submitted the same to the jury without ruling. See McDole v. State, 283 So.2d 553 (Fla.1973). We find that the last statements of the judge culminating in the comment that the matter should be presented to the jury was not a refusal to rule upon the voluntar-iness, and that he did so rule. Cf. Wilson v. State, 304 So.2d 119, 120 (Fla.1974).
The third point on appeal urges error upon a response of a prosecution witness who indicated that he worked for the Organized Crime Bureau. This innocuous statement is not sufficient to support the defendant’s claim that he was prejudiced so that he could not receive a fair trial because of this knowledge on the part of the jury. Cf. Crews v. State, 353 So.2d 210 (Fla.3d DCA 1977).
The fourth point on appeal urges that the evidence was insufficient to show defendant’s control over the contraband in the truck which he was driving. This argument is insufficient upon the facts of this case under the law set forth in Davis v. State, 350 So.2d 834 (Fla.2d DCA 1977).[1]
Having considered each point presented and finding no reversible error, the judgment and sentence are affirmed.
Affirmed.

. Reversed on other grounds.