403 So.2d 585 (1981)
Arthur TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 81-643.
District Court of Appeal of Florida, Second District.
September 11, 1981.
John L. Polk, Punta Gorda, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
Taylor, convicted on a charge of grand theft, has raised two issues on this appeal: (1) refusal to grant a severance and separate trials, and (2) instruction on accomplices at the trial's conclusion.
Briefly stated, the facts were that appellant, his codefendant, Geraldine Williams, and two other persons were passengers in a vehicle owned and driven by one Chester Moore. They stopped at a service station in Charlotte County, where all of them entered the store located on the premises. Shortly after they left the store, the owner discovered that his bank bag, containing $403 in cash and some checks, was missing.
When apprehended by the police, Williams had $403 in currency secreted on her person. She stated at trial that after the police had stopped the car and asked them *586 to get out, appellant gave her the money and asked her to conceal it.
At all times, both prior to trial and in his testimony during trial, appellant denied ever seeing the bag or any money from it, stealing the bag, or having any connection with the money.
Appellant and Williams were tried together, and both testified during the trial. Over their joint objection, the trial judge instructed the jury on accomplices:
Now, when two or more persons take part in the commission of a crime, each is an accomplice of all the others. The testimony of an accomplice must be received with great caution and carefully and closely examined by you before a conviction is based upon it. This is particularly true when there is neither direct testimony nor circumstances tending to corroborate the testimony of an accomplice. However, the testimony of an accomplice, even though uncorroborated, is sufficient upon which to base a conviction if you are convinced by it of the defendant's guilt beyond a reasonable doubt.
We find that the giving of this instruction was improperly prejudicial to the appellant, and therefore reverse.
The court below erred in charging the jury in regard to accomplices because here the only defense testimony came from the defendants, who both testified. The warning that testimony of an accomplice must be received with caution was equally applicable to the testimony of both defendants. It cast doubt and suspicion on not only the damaging testimony given by Williams, but also upon the exculpatory testimony given by appellant.
The accomplice instruction is not appropriate where defense testimony has been given by an "accomplice" of the accused or by one of two defendants tried jointly. Wheelis v. State, 340 So.2d 950 (Fla. 1st DCA 1976). When it is employed in such a situation, doubt and suspicion are improperly cast upon one defendants' exculpatory testimony on his own or his codefendant's behalf, and reversal is justified.
We note that it may have been more prudent for the trial court to have granted a severance and separate trials in this instance. Because the granting of a severance rests within the discretion of the trial court, even though the defendants may have conflicting interests and antagonistic defenses, we would not reverse if this were the only problem. Menendez v. State, 368 So.2d 1278 (Fla. 1979); Johnson v. State, 355 So.2d 143 (Fla. 3d DCA 1978); Williams v. State, 383 So.2d 722 (Fla. 1st DCA 1980). However, giving of the accomplice instruction where both defendants were present and both testified was clearly error, and we reverse and remand for a new trial.
GRIMES and RYDER, JJ., concur.