405 So.2d 304 (1981)
Glen Allen DUDLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1969.
District Court of Appeal of Florida, Fourth District.
November 4, 1981.
*305 Arnold R. Ginsberg of Horton, Perse & Ginsberg and Colodny & Fass, P.A., Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
This is an appeal from a conviction of appellant for grand theft after trial by jury. We reverse.
The two errors asserted by appellant upon which we base our decision involve jury instructions. The trial court refused to instruct the jury on appellant's asserted defense that he had taken possession of the property in question upon the mistaken but good faith belief that he was lawfully entitled to such property. In addition the trial court instructed the jury, over the appellant's objection, that it should receive the testimony of an accomplice with great caution. In this case the alleged accomplice was appellant's business associate who testified in appellant's behalf as to the good faith defense.
If the defendant asserts a valid legal defense and there is evidence presented to support the defense then the trial court is obligated to instruct the jury as to such defense upon request by the defendant. Palmes v. State, 397 So.2d 648 (Fla. 1981). In Rodriguez v. State, 396 So.2d 798 (Fla. 3d DCA 1981) our sister court reversed a conviction under circumstances very similar to those involved herein, although the evidence in support of the good faith defense there appeared to be more substantial. Upon review of the record we believe that there was sufficient evidence presented to entitle the appellant to a jury instruction on his good faith defense. We also reject the state's contention which, while admitting the existence of some evidence as to the good faith defense, asserts that the standard instruction on the element of felonious intent was sufficient to cover such defense. In a sense, most theories of defense constitute negation of some element of the offense charged. However, this does not mean that an instruction on the required elements will necessarily satisfy the requirement that the jury be separately instructed on recognized theories of defense. It is one thing to inform the jury as to the state's obligation to prove each element of its case, but quite another to inform the jury that certain matters, if established, constitute a defense to the crime charged.
Our decision to reverse is also influenced by our conclusion that the trial court erred in giving a jury instruction on accomplices.[1] This instruction is intended to be used when the state presents the testimony of an accomplice whose motivation for testifying against his alleged colleague and cooperating with the state may be substantially influenced by his own self-interest. The instruction was not intended *306 to be used against a defendant who may present a co-defendant or other person involved in the incident in question as a witness for the defense. Wheelis v. State, 340 So.2d 950 (Fla. 1st DCA 1976); Taylor v. State, 403 So.2d 585 (Fla. 2d DCA 1981). The instruction may have been especially damaging here since the appellant did not testify but instead relied almost entirely on the testimony of his business associate, who was not formally charged with the commission of any offense, to establish the good faith defense. When considered together with the denial of the requested defense instruction, it appears that appellant was not only denied the right to have the jury informed of the legal basis of his defense, he was also deprived of the opportunity to have the jury fairly evaluate the credibility of the main witness called to substantiate that defense.
Accordingly, this cause is reversed and remanded for a new trial in accordance with this opinion.
HURLEY, J., and MINER, CHARLES E., Jr., Associate Judge, concur.
NOTES
[1] The trial court stated: "Accomplice; What is an accomplice? What is the law regarding accomplices in the State of Florida? First of all, when two or more persons take part in the commission of a crime, each is an accomplice of the other. That is an accomplice. The testimony of an accomplice must be received with great caution and carefully and closely examined by you before a conviction is based on the testimony of an accomplice. This is particularly true where there is neither direct testimony nor circumstances tending to corroborate the testimony of an accomplice. However, the testimony of an accomplice, even though uncorroborated, is sufficient upon which to base a conviction if you are convinced of the testimony and of the defendant's guilt beyond and to the exclusion of every reasonable doubt."