BASKIN, Judge.
Angel Aget, appealing his conviction for the sale of diazepan, cites as prejudicial error the trial court’s instruction charging the jury, over defense objection, to consider the testimony of an accomplice with great caution. Finding merit in appellant’s assertion, we reverse.
In Dudley v. State, 405 So.2d 304, 305, 306 (Fla. 4th DCA 1981), the court stated *68 the general rule regarding the use of the accomplice testimony instruction:
This instruction is intended to be used when the state presents the testimony of an accomplice whose motivation for testifying against his alleged colleague and cooperating with the state may be substantially influenced by his own self-interest. The instruction was not intended to be used against a defendant who may present a co-defendant or other person involved in the incident in question as a witness for the defense.
In the present ease, the alleged accomplice testified on behalf of defendant Aget. Thus, the accomplice instruction cast doubt upon the exculpatory testimony given by a key defense witness, Taylor v. State, 403 So.2d 585 (Fla.2d DCA 1981); Wheelis v. State, 340 So.2d 950 (Fla. 1st DCA 1976), and mandates reversal.
Reversed.