PER CURIAM.
This is an appeal by the defendant Larry Jones from a judgment of conviction and sentence for burglary of an unoccupied building and third-degree grand theft. The defendant presents two points on appeal, neither of which represent reversible error. We, accordingly, affirm.
First, although the point is far from frivolous as the state maintains, we conclude that, in balance, sufficient circumstantial evidence was adduced below to establish that the defendant was a “lookout” for a codefendant who broke into the house herein and committed the charged theft. See T.J.T. v. State, 460 So.2d 508, 510 (Fla. 3d DCA 1984); Rosson v. State, 319 So.2d 64, 65 (Fla. 2d DCA 1975); Jefferson v. State, 298 So.2d 465, 466 (Fla. 3d DCA 1974); cf. Pack v. State, 381 So.2d 1199, 1200 (Fla. 2d DCA 1980). Second, no error is presented by the trial court’s refusal to grant the defendant’s motion for mistrial after a police officer testified that the defendant had a pair of scissors in his hand when arrested, which testimony violated a prior trial court order excluding such evidence. This testimony, although arguably irrelevant, was not so prejudicial that a mistrial was called for; moreover, the further testimony that the officer considered the scissors a weapon was elicited by the defendant on cross examination so that the error, if any, was entirely invited by the defendant. See Stanley v. State, 357 So.2d 1031, 1034 (Fla.1974); Sullivan v. State, 303 So.2d 632, 635 (Fla.1974), cert. denied, 428 U.S. 911, 96 S.Ct. 3226, 49 L.Ed.2d 1220 (1976); Stanley v. State, 357 So.2d 1031, 1034 (Fla. 3d DCA), cert. denied, 364 So.2d 891 (Fla.1978); Lowman v. State, 353 So.2d 652, 653 (Fla. 3d DCA 1977).
AFFIRMED.