PER CURIAM.
The defendant, Montez Robinson, appeals his conviction and sentence for robbery with a deadly weapon. We reverse and remand.
The defendant did not take the stand in his defense. The defense’s only witness was Lee Andrew White, who had previously admitted his involvement in the robbery and pleaded guilty to the charge. White *438 testified that the defendant was not with him when the victim was robbed and that another person robbed the victim. At the close of the case, the trial court instructed the jury to use “great caution in relying on the testimony of a witness who claims to have committed the crime.” The trial court also instructed the jury on principal liability for one who helps another person commit a crime. Defense counsel objected to both of these instructions.
The defendant cites as error the trial court’s instruction charging the jury to consider the accomplice’s testimony with great caution. We agree.
As the court stated in Dudley v. State, 405 So.2d 304, 305-06 (Fla. 4th DCA 1981), the accomplice testimony instruction
is intended to be used when the state presents the testimony of an accomplice whose motivation for testifying against his alleged colleague and cooperating with the state may be substantially influenced by his own self-interest. The instruction was not intended to be used against a defendant who may present a co-defendant or other person involved in the incident in question as a witness for the defense.
See also Aget v. State, 448 So.2d 67 (Fla. 3d DCA 1984).
In the instant case, White testified on behalf of the defendant. The accomplice instruction was essentially a directive to the jury to disregard the defense’s only witness. The “instruction cast doubt upon the exculpatory testimony given by a key defense witness”. Aget, 448 So.2d at 68 (citing Taylor v. State, 403 So.2d 585 (Fla. 2d DCA 1981); Wheelis v. State, 340 So.2d 950 (Fla. 1st DCA 1976)). We find that the trial court erred in instructing the jury to use great caution in relying on the testimony of an accomplice. Accordingly, we reverse the defendant’s conviction and remand this cause for a new trial. We also find that the defendant’s remaining contention lacks merit.
Reversed and remanded for a new trial.