PER CURIAM.
This is an appeal by the defendant Alejandro Femandez-Carballo from a final judgment of conviction and sentence for unarmed robbery which was entered upon an adverse jury verdict. We affirm.
First, we reject the defendant's contention that the trial court erred in sustaining the state’s objections to certain questions propounded by the defendant to two police officers. The defendant sought to elicit from these witnesses the victim’s oral statements to the police concerning the events surrounding the alleged robbery. The trial court correctly sustained the state’s objections to these questions as the evidence sought to be elicited constituted inadmissible hearsay. The defendant argues that the subject oral statements were admissible as constituting prior inconsistent statements which impeached the victim’s trial testimony. We disagree for two reasons.
(1) The victim was never asked on cross examination by the defendant whether she had made a specific oral statement *1005 to the police which was allegedly inconsistent with her trial testimony. Instead, the defendant merely questioned her as to whether she had talked to the police concerning the alleged robbery; she was never confronted with any specific inconsistent statement she had made to the police or asked whether she had, in fact, made such statements. This being so, the defendant failed to lay the proper foundation for the subsequent introduction of such statements as required by Florida law. See Calhoun v. State, 502 So.2d 1364, 1365 (Fla. 2d DCA 1987); Wright v. State, 427 So.2d 326, 328 (Fla. 3d DCA 1983); § 90.614(2), Fla.Stat. (1989).
(2) Moreover, the defendant made no proffer that the victim had ever made any specific statements to the police which were inconsistent with her trial testimony. Instead, the defendant sought to bring out the entire oral statements made by the victim to the police in the hope, no doubt, that some inconsistencies might develop. Given the failure to proffer any inconsistency between the victim’s trial testimony and her oral statements to the police, the trial court quite properly precluded the defendant from eliciting any such oral statements as the same constituted inadmissible hearsay. See A. McD. v. State, 422 So.2d 336, 337 (Fla. 3d DCA 1978); § 90.104(1)(b), Fla.Stat. (1989); cf. Silveira-Hernandez v. State, 495 So.2d 914 (Fla. 3d DCA 1986).
Second, we reject the defendant’s argument that the trial court erred in denying the defendant’s motion for a continuance or a mistrial when a police officer, subpoenaed by the defendant for trial, failed to honor the subpoena and appear in court to testify. No abuse of discretion is shown in such rulings. Jent v. State, 408 So.2d 1024, 1028 (Fla.1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982); Holman v. State, 347 So.2d 832, 836 (Fla. 3d DCA 1977), cert. denied, 354 So.2d 981 (Fla.1978). Moreover, there is no merit to the defendant’s argument that the trial court erred in admitting in evidence a discovery deposition of the said police officer when the defense motions for a continuance and mistrial were denied. The defendant, not the state, offered such deposition in evidence and consequently any claimed error here was entirely invited. Jones v. State, 532 So.2d 1337 (Fla. 3d DCA 1988); Stanley v. State, 357 So.2d 1031, 1034 (Fla. 3d DCA), cert. denied, 364 So.2d 891 (Fla.1978).
Finally, the defendant was given adequate written notice that he would be sentenced as an habitual offender. § 775.-084(3)(b), Fla.Stat. (1989).

Affirmed.