GODERICH, Judge.
The defendant, Corey Lamar Lester, appeals from his conviction and sentence for burglary of a conveyance and grand theft. We reverse.
The defendant and his wife, Sophia Lester, were charged with one count of burglary of a conveyance and one count of grand theft. Mrs. Lester pleaded nolo contendere to the charges, while the defendant proceeded to a jury trial.
At trial, the State called two witnesses, Jose Santiago and Michael Mercado, security officers for United Parcel Service [UPS]. They testified that on August 30-31, 1999, between the hours of 5:00 p.m. and 3:00 a.m., they set up surveillance at the UPS facility in Homestead. Santiago was outside the main entrance, while Mercado was inside a UPS van inside the facility.
Santiago watched a car, driven by the defendant, stop at the main gate of the *107 facility at approximately 2:45 a.m. He saw the security guard, Mrs. Lester, talking to the defendant and watched as she remained near the car until the last mechanic left. Santiago then saw Mrs. Lester get into the passenger side of the car and watched as the car drove south into the facility and out of sight. Santiago advised Mercado of the events and watched Mercado get out of the van and follow on foot •until he too was out of sight.
Next, Mercado testified that he saw Mrs. Lester enter the car and that he watched it drive south toward the end of the facility. Mercado got out of the van and followed the car on foot. He watched the car stop in front of some UPS package trucks and saw the defendant and his wife get out and enter several trucks. Mercado saw Mrs. Lester come away from a truck with a package. She put it in the backseat of her car, got in, and drove to a different area of the facility. Mercado ran after the vehicle but lost sight of it momentarily. As he came around the side of a building, Mercado saw the defendant coming out from between two parked trucks holding a package. The defendant got in the backseat of the car with the package, and Mrs. Lester entered the driver’s side and drove out of the facility without any headlights on. When the Lesters were pulled over, two packages that had UPS tracking labels on them containing a reconditioned laptop computer and a printer were found in the backseat. When the Lesters were arrested, Mrs. Lester told the police that she had found the packages on the floor and was on her way to contact her security office to tell them.
On cross-examination, the defense impeached Mercado with his prior deposition testimony wherein he stated that only Mrs. Mercado entered the trucks and that the defendant just stood by the car.
Mrs. Lester then testified for the defense stating that she worked for a security company and that she was assigned to work at the UPS facility. She testified that, on the night in question, her car had broken down, that her supervisor had given her a ride to work, and that she had arrived at 10:00 p.m. Mrs. Lester testified that during her patrols, she had noticed some boxes inside one of the trucks. When her husband arrived to pick her up at the end of her shift at 3:00 a.m., she told him that she had to go in the back, and get the packages that had been left on a truck. She testified that she lied to her husband and told him that the packages should not have been left on the truck, that she needed to take them, and that she needed to call her security company to tell them about the packages. Mrs. Lester testified that she drove the car to the rear of the facility, while the defendant sat in the backseat, that she took two boxes out of a truck and placed them in her car, and that she drove out of the facility and was stopped by police. She testified that she told the police officers that her husband had nothing to do with taking the packages, that she gave a written statement taking full responsibility, and that she entered a plea of nolo contendere to charges of burglary and grand theft. Mrs. Lester testified that the defendant did not enter any of the UPS trucks and that he did not take possession of any of the boxes and place them in the car. The defense rested its case.
On rebuttal, the State recalled Mercado who testified that the tracking labels on the two packages indicated that the packages had been stored in two different trucks.
The trial court instructed the jury as follows:
You should use great caution in relying on the testimony of a witness who *108 claims to have helped the defendant commit a crime. This is particularly true when there is no other evidence tending to agree with what the witness says about the defendant.
However, if the testimony of such a witness convinces you beyond a reasonable doubt of the defendant’s guilt, or the other evidence in the case does so, then you should find the defendant guilty.
The jury returned a verdict finding the defendant guilty as charged.
The defendant contends that the' trial court abused its discretion by instructing the jury to use great caution in relying on the testimony of an accomplice. We agree.
In Dudley v. State, 405 So.2d 304 (Fla. 4th DCA 1981), the Fourth District explained the general rule for use of the accomplice testimony instruction as follows:
This instruction is intended to be used when the state presents the testimony of an accomplice whose motivation for testifying against his alleged colleague and cooperating with the state may be substantially influenced by his own self-interest. The instruction was not intended to be used against a defendant who may present a co-defendant or other person involved in the incident in question as a witness for the defense.
Dudley, 405 So.2d at 305-06; see also, Robinson v. State, 589 So.2d 437 (Fla. 3d DCA 1991); Aget v. State, 448 So.2d 67 (Fla. 3d DCA 1984).
In the instant case, Mrs. Lester, the alleged accomplice testified on behalf of the defendant and accepted all responsibility for the crimes. Therefore, the giving of this instruction was error.
However, in all of the above-cited cases, defense counsel raised his objection to the accomplice testimony instruction at trial and preserved it for review. In the instant case, there is no record of a discussion of the instruction at the charge conference, no record as to which party requested the instruction, and no timely objection after the instruction was given. Nevertheless, the defendant contends that such error was fundamental. We agree.
Although “[i]t is well settled that to preserve a jury instruction error, one must object before the jury retires to consider its verdict,” Wilson v. State, 786 So.2d 632, 633 (Fla. 4th DCA 2001), there are some limited circumstances where a jury instruction error may amount to fundamental error and be properly reviewed on appeal absent an objection. Carter v. State, 469 So.2d 194, 196 (Fla. 2d DCA 1985). In Carter, the Second District held that when “a trial judge gives an instruction that is an incorrect statement of the law and necessarily misleading to the jury, and the effect of the instruction is to negate the defendant’s only defense, it is fundamental error and highly prejudicial to the defendant.” Carter, 469 So.2d at 196.
As previously stated, in the instant case, Mrs. Lester testified on behalf of the defendant and accepted all responsibility for the crimes. The accomplice testimony instruction was especially damaging where the effect of the instruction was to negate the defendant’s only defense by casting doubt upon her exculpatory testimony. Therefore, we find that, under these circumstances, the giving of this instruction was fundamental error.
The State properly argues that, even if we find fundamental error, harmless error analysis is applicable. State v. Clark, 614 So.2d 453, 454 (Fla.1992). “The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to *109 the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The State cannot meet its burden where the trial court effectively negated the defendant’s only defense by giving the accomplice testimony instruction and where the only evidence of the defendant’s guilt was Mercado’s testimony that was impeached with his prior inconsistent deposition testimony. Therefore, we find that the error was harmful, and we reverse and remand for a new trial.
Based on the disposition of this issue, it is unnecessary for us to reach the other issue raised by the defendant.
Reversed and remanded for a new trial.