**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Otto ANDERSON, Defendant-Appellant.**

**No. 27756.**

United States Court of Appeals,
Fifth Circuit.

April 13, 1970.

George M. Leppert, New Orleans, La., for appellant.

Otto Anderson, pro se.

Louis C. LaCour, U. S. Atty., Horace P. Rowley, III, Asst. U. S. Atty., New Orleans, La., for appellee.

Before COLEMAN, GOLDBERG, and MORGAN, Circuit Judges.

COLEMAN, Circuit Judge:

On November 25, 1952, Otto Anderson, the appellant, was convicted of a violation of the Narcotic Laws of the State of Louisiana. In 1958, he was convicted of violating the Harrison Narcotic Act, 26 U.S.C.A. § 4705(a), and also of violating the Narcotic Drugs Import and Export Act, 21 U.S.C.A. § 174. These convictions mandatorily required the denial of a seaman's document to Anderson, 46 U.S.C.A. § 239b(a) (1, 2) and 46 CFR 12.02–4. In other words, Anderson was not eligible to receive seamen's papers because "within ten years prior to the date of the filing of the application he had been convicted in a court of record of a violation of the Narcotic Drug Laws of the United States."

On January 9, 1968, Anderson presented himself at the Marine Inspection Office of the United States Coast Guard in New Orleans for the purpose of applying, and did apply, for seamen's papers duplicating those originally issued to him in 1947. He had never used the 1947 papers and had lost them. In response to a question on the application form as to whether he had ever been convicted of violating the Narcotic Drug Laws of the United States, the defendant answered, "No" and initialed his answer after it was typed on the application. He then signed the application, certifying that "all the above statements are true". A notice on the application expressly warned that a false statement on the application was a criminal offense.

This caused Anderson to be charged by information with violating 18 U.S.C. A. § 1001, which reads as follows:

"§ 1001. Statements or entries generally

Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both. June 25, 1948, c. 645. 62 Stat. 749."

Upon trial to a jury there was a verdict of conviction and the defendant was sentenced to imprisonment for three and one half years.

Appointed counsel for Anderson has vigorously prosecuted an appeal but he is able, really, to point to only two evidentiary items as error in the court below.

The first is that Anderson's counsel at the trial introduced in evidence his F.B.I. "Rap Sheet". It is now said that, even though introduced by his own counsel, use of the sheet was such plain error, Federal Rules of Criminal Procedure 52(b), and was so prejudicial, that for this reason alone the conviction should be reversed. Appreciating the fervor with which this contention has been pressed, we are nevertheless compelled to disagree. For one thing, the felony convictions were competent as impeachment, Hayes v. United States, 5 Cir., 1969, 407 F.2d 189. Since the defendant had voluntarily taken the stand we can well understand how his counsel might have sought to beat the government to the punch by proving the convictions himself rather than have them

brought out on cross examination. More importantly, it was Anderson's defense that he was seeking a duplicate of the 1947 papers, therefore, he said, he thought the questions were to be answered "as of 1947". The "Rap Sheet" showed no convictions prior to 1952 and thus bolstered his defense, mistaken though it was.

True, the "Rap Sheet" recited arrests in which there were no convictions but the District Judge was careful to instruct the jury that even though introduced by the defense nothing was to be considered but convictions. The jury was further instructed that other than the narcotics convictions, which had already been proved, the jury could only consider convictions as they might affect the defendant's credibility. The record indicates that the jury did not take the "Rap Sheet" into the jury room, and it is doubtful that they ever saw the arrest entries. There was no reversible error here, Aaron v. United States, 5 Cir., 1968, 391 F.2d 584; Leonard v. United States, 5 Cir., 1967, 386 F.2d 423; Miller v. United States, 8 Cir., 1969, 410 F.2d 1290, 1295.

■■ Anderson took the stand in his own behalf. On cross examination he testified that he was born at 3423½ South Liberty Street, New Orleans, that he had lived there all of his life, and that he got his mail there. The Assistant United States Attorney then offered in evidence an envelope which on its face indicated that it had been mailed from the Coast Guard to Otto Anderson at the named address but which bore a handwritten notation, "Return to sender [,] do not live at this address". Counsel for Anderson objected solely on the ground that the matter was irrelevant. He raised no point as to the authentication of the letter, as for example, under the Business Records statute. Nor did he object that a notation from an unidentified source constituted hearsay. Anderson's address had no real relevance to this prosecution, but there was no objection when he was first asked for his address.

Additionally, it is a general rule that witnesses may not be impeached as to irrelevant matters.

Even so, this episode does not justify reversal. Assuming, but only assuming, that it was error to have admitted the envelope with the impeaching notation, we are of the opinion, beyond a reasonable doubt that it was harmless, Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The jury is bound to have understood, and could not have possibly misunderstood, that Anderson was being tried for an offense which had no relation to his place of residence. The gravamen of the charge was wilfully falsifying an answer required of him under the laws of the United States. It was undisputed that his answers had been given at the Coast Guard Office at 124 Camp Street in the City of New Orleans. The proof of falsity was overwhelming.

We, therefore, are compelled to affirm the judgment of conviction.

Affirmed.