265 So.2d 361 (1972)
STATE of Florida, Petitioner,
v.
Kenneth Ray WRIGHT, Respondent.
No. 41374.
Supreme Court of Florida.
July 19, 1972.
Robert L. Shevin, Atty. Gen., and Charles Corces, Jr., Tampa, for petitioner.
Meredith J. Cohen and Edward J. Hanlon, Jr. & Partners, Orlando, for respondent.
PER CURIAM.
We have for review the decision of the District Court of Appeal, Second District, in this cause which is reported at 250 So.2d 333 (2nd D.C.A.Fla. 1971). The pertinent facts are given in the opinion below. It is our judgment that the decision should be quashed, and the cause remanded for further proceedings.
Certiorari was granted to resolve the conflict between the decision below and Henninger v. State, 251 So.2d 862 (Fla. 1971), as to the proper test of admissibility into evidence of allegedly gruesome and inflammatory photographs. After reviewing precedent, including its own carefully reasoned Albritton v. State, 221 So.2d 192 (2nd D.C.A.Fla. 1971) decision, the District Court conceived the test to be this: if inflammatory and gruesome in character, technical relevance is insufficient to support the admissibility of photographs; to be admissible, such photographs must tend *362 to resolve a conflict in evidence relating to a disputed, vital issue, or have a direct bearing on the most vital issue of the case.
However, in Henninger, supra, this Court announced a different view:
"Appellant's Point Four for error is based on the admission into evidence of a series of `gruesome, enlarged color photographs' which, says appellant, were not relevant and were prejudicial and inflammatory in effect. These photographs, specifically exhibits 3, 4 and 6, show the deceased in various positions showing the knife wounds in the back and with her head half cut off. Cited in support of appellant's contention is Young v. State, [4. 234 So.2d 341 (Fla. 1970)] wherein this Court held that the introduction of 22 photographs taken away from the scene of the crime and showing all or portions of the partially decomposed torso of the victim was unduly prejudicial. Appellant interprets the Young case as holding that `necessity' rather than `relevancy' is the test for admissibility of gruesome photographs. `Necessity' may be a consideration where, as in Young, large numbers of cumulative photographs of a gruesome nature taken away from the scene of the crime, are offered into evidence. But relevancy remains the basic test, as stated in Young: [5. Id. at 347]
`The fact that the photographs are offensive to our senses and might tend to inflame the jury is insufficient by itself to constitute reversible error, but the admission of such photographs, particularly in large numbers must have same [sic] relevancy, either independently or as corroborative of other evidence.'"
Thus, the current position of this Court is that allegedly gruesome and inflammatory photographs are admissible into evidence if relevant to any issue required to be proven in a case. Relevancy is to be determined in the normal manner, that is, without regard to any special characterization of the proffered evidence. Under this conception, the issues of "whether cumulative", or "whether photographed away from the scene," are routine issues basic to a determination of relevancy, and not issues arising from any "exceptional nature" of the proffered evidence.
In the instant case, the photographs discussed in the District Court's opinion met the test of relevancy. Exhibit 26 was relevant to establishment of the identity of the person in the grave as being the deceased named in the indictment. Exhibits 27 and 28 each depict a wound or wounds not depicted by the other, or by Exhibit 26. These exhibits were properly admitted by the trial court, and the District Court erred in reversing on this point.
The District Court also held that, upon request in a felony murder prosecution, it is incumbent upon the trial court to charge the jury upon the specific ingredients making up each permissible felony under the evidence.[1] While we agree with this as a proper statement of law, the District Court went beyond it in application. The permissible felonies, under the evidence, were those upon which the State based its felony murder case, i.e., crime against nature and rape; these felonies, as well as premeditated murder, were the subject of the trial judge's instructions.
For the foregoing reasons, the decision under review is quashed, and the cause is remanded for further proceedings not inconsistent with this opinion.
It is so ordered.
ERVIN, Acting C.J., CARLTON, BOYD and DEKLE, JJ., and DREW, J. (Retired), concur.
NOTES
[1] In its discussion of this issue at 250 So.2d 340, the District Court erroneously treated Coppolino v. State, 223 So.2d 68 (2nd D.C.A.Fla. 1969) as if it were a decision of this Court. Our action in that case was limited to dismissing Coppolino's appeal without opinion; see 234 So.2d 120 (Fla. 1969).