Salvador **GONZALES**, Petitioner-Appellant,

v.

T. O. **LANG**, Sheriff of Travis County, Texas, Respondent-Appellee.

No. 72–2276.

United States Court of Appeals, Fifth Circuit.

Nov. 24, 1972.

Rehearing Denied Jan. 12, 1973.

Dean Hester, El Paso, Tex. (Court appointed), for petitioner-appellant.

Joseph Latting, Austin, Tex. (Court appointed), for Perales.

Shannon Ratliff, Austin, Tex. (Court appointed), for Arechiga.

Crawford Martin, Atty. Gen., Roland D. Green, III, Sarah E. Phillips, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before DYER, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Gonzales was convicted in a Texas state court of unlawfully possessing heroin. On this habeas appeal petitioner contends that the prosecution knowingly acquiesced in the use of false testimony and that the trial court erroneously refused to allow defense counsel to impeach the principal prosecution witness. On oral argument before this court Gonzales' case was consolidated with four other cases involving similar factual situations. It was undisputed that our disposition of the above two issues in any one of the cases would of necessity control the same issues in the other cases. Accordingly, for the reasons stated in Corpus v. Beto, 5 Cir. 1972,

469 F.2d 953, we hold that these two contentions are without merit.

Gonzales additionally contends that he was denied due process of law because the state trial judge allowed into evidence testimony concerning several prior instances where Gonzales had used or sold narcotics. We have carefully reviewed the record and we hold that any error in admitting this evidence, if indeed it was error at all, does not rise to constitutional dimensions. There is therefore no basis for the issuance of the writ. Gephart v. Beto, 5 Cir. 1971, 441 F.2d 319; United States ex rel. Gueldner v. Heyd, 5 Cir. 1970, 434 F.2d 1307; Hackworth v. Beto, 5 Cir. 1970, 434 F.2d 852.

The district court's denial of the petition is

Affirmed.