No. 72–6542. CORPUS ET AL. *v.* ESTELLE, CORRECTIONS DIRECTOR, ET AL. C. A. 5th Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE MARSHALL concurs, dissenting.

Petitioner Perales, originally convicted of a drug offense, successfully moved for a new trial. In the first trial the prosecutor had waived the habitual-offender provision for a mandatory life sentence in exchange for the petitioner's agreement to waive his right to jury trial. On retrial, petitioner exercised his right to jury trial and the prosecutor refused to waive the habitual-offender sentence enhancement provisions. As a consequence petitioner received a mandatory life sentence upon conviction. The prosecutor has stipulated that:

> "The decision made by the District Attorney of Travis County to waive the 'habitual count' of the indictment in [the first trial] was based *solely* upon the fact that the Defendant waived a jury trial. If the Defendant had waived a jury trial in [the second trial] the District Attorney of Travis County

would have again waived the 'habitual count' . . . ." Record in Ct. Crim. App. in *Perales* v. *State,* p. 38 (emphasis added).

It is well established that " 'if the only objective of a state practice is to discourage the assertion of constitutional rights it is "patently unconstitutional." ' " *Chaffin* v. *Stynchcombe,* 412 U. S. 17, 33 n. 20; *Shapiro* v. *Thompson,* 394 U. S. 618, 631; *United States* v. *Jackson,* 390 U. S. 570, 581.

We thus held in *United States* v. *Jackson, supra,* that the death penalty clause in the Federal Kidnaping Statute, 18 U. S. C. § 1201 (a), which essentially insulated from the death penalty those defendants who waived the right to jury trial or pleaded guilty, imposed an impermissible burden on the exercise of Sixth Amendment rights.

Such express statutory schemes, however, are not the only mechanism for positing with an accused the necessity of determining whether the risk of greater punishment attending the exercise of constitutional rights makes that exercise too costly. A guilty plea constitutes a waiver of several fundamental rights, among them the right to jury trial. See *Santobello* v. *New York,* 404 U. S. 257, 264 (DOUGLAS, J., concurring). Plea bargaining, the extreme importance of which was recognized in *Santobello,* leaves with the prosecutor the power to set the price for the exercise of those rights. *Machibroda* v. *United States,* 368 U. S. 487, held a guilty plea voidable if induced by the prosecutor's threat to bring additional prosecutions. Yet plea bargaining would be eliminated if an accepted plea to a lesser offense was rendered constitutionally vulnerable by the prosecutor's expressed intent to otherwise proceed to trial on the crime charged.

Despite the magnitude of the constitutional issues and the important role of plea bargaining in the administration of criminal justice (see White, A Proposal for Reform of the Plea Bargaining Process, 119 U. Pa. L. Rev. 439 (1971), and Note, The Unconstitutionality of Plea Bargaining, 83 Harv. L. Rev. 1387 (1970)), this Court has never spelled out the constitutional limits of the practice. This case, in which the accused's right to jury trial was expressly burdened with the possibility of a mandatory life sentence (possibly the maximum penalty a State may exact for criminal conduct; see *Furman* v. *Georgia,* 408 U. S. 238) under the habitual offender provisions, provides an opportunity to delimit its permissible bounds. I would take that opportunity.