**Glenn GRIFFITH, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 75–4077

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 19, 1976.

Glenn Griffith, pro se.

Robert W. Rust, U. S. Atty., Barbara D. Schwartz, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before COLEMAN, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

Petitioner was convicted of violation of 21 U.S.C. §§ 963, 952(a) and 841(a)(1). He filed a motion for new trial alleging that the government's chief witness, Evelyn Herndon, had committed perjury. The trial

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

court's denial of his post-trial motions was affirmed by this court in an unpublished opinion, January 7, 1975. Griffith then brought this habeas petition, 28 U.S.C. § 2255, alleging that the Assistant United States Attorney was aware of the falsity of the statements made at trial by Evelyn Herndon. He appeals from the denial of that habeas petition.

 In essence, petitioner presents a *Giglio* claim that the prosecution knowingly allowed false testimony to be presented at trial. *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). This is a sufficiently distinct claim from that presented in his direct appeal that we cannot dismiss it as an issue already disposed of through a prior appeal. *Fuentes v. United States*, 455 F.2d 910 (5th Cir. 1972).

To prevail on a *Giglio* claim, the petitioner must prove (1) that the statement was actually false, *Corpus v. Beto*, 469 F.2d 953 (5th Cir. 1972), *cert. denied*, 414 U.S. 932, 94 S.Ct. 236, 38 L.Ed.2d 162 (1973), (2) that it was material, *Luna v. Beto*, 395 F.2d 35 (5th Cir. 1968) (en banc), *cert. denied*, 394 U.S. 966, 89 S.Ct. 1310, 22 L.Ed.2d 568 (1969), and (3) that the prosecution knew it was false, *Luna v. Beto, supra* at 41 (Brown, C. J., concurring). At issue is Evelyn Herndon's statement that she was not acquainted with Paul Gonzales, a self-styled business partner of Griffith. Gonzales himself contradicted this testimony at trial. Knowing that Herndon said she was not acquainted with Gonzales, that Gonzales said he was acquainted with her, the jury chose to believe Herndon's statements implicating Griffith with cocaine importation. Whether Herndon's denial of acquaintance with Paul Gonzales was false, and whether the prosecution believed it was false, is insignificant.

The jury was presented with conflicting testimony concerning the relationship between Herndon and Gonzales. It still chose to believe her testimony implicating Griffith. This does not meet the *Giglio* requirement that the false testimony must be a highly significant factor reasonably likely to have affected the judgment of the jury.

There was no undisclosed plea bargaining. As a co-indictee, Herndon chose to cooperate because the prosecution promised to make things easier for her. This was disclosed at the trial. Petitioner's due process was not infringed, and the denial of his habeas petition is AFFIRMED.