**Ennis NETTLES, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

No. 80–5596.

United States Court of Appeals, Fifth Circuit.*
Unit B

May 17, 1982.

---

\* Former Fifth Circuit case, Section 9(1) of Public Law 96–452, October 14, 1980.

James D. Whittemore, Tampa, Fla., for petitioner-appellant.

Michael J. Kotler, Peggy A. Quince, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before RONEY, HILL and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

In a companion opinion, *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (en banc), Administrative Unit B of this court sitting en banc remanded this case to this panel to consider the merits of Nettles's application for habeas corpus relief. The district court accepted a United States Magistrate's unobjected to report and recommendation finding Nettles's claims to be meritless and dismissed the petition. Finding no error, we affirm.

In January, 1975, Nettles was arrested and charged with robbery, assault with intent to commit murder in the first degree and aggravated battery. Prior to trial, the court considered Nettles's motion to suppress any out-of-court or in-court identification by the victims. After an evidentiary hearing, the court denied the motion to suppress. Nettles was subsequently convicted of the charges and sentenced to seventy-five years in prison. A state appeals court affirmed his conviction. *Nettles v. State,* 336 So.2d 614 (Fla.App.1976).

After exhausting state court remedies, Nettles sought federal habeas corpus relief on the following grounds:

(1) The arrest warrant for armed robbery was issued without probable cause and, therefore, the out-of-court lineup testimony of the victim should have been suppressed.

(2) He was denied due process of law by the admission into evidence of pre-trial and in-court identification by one of the victims.

(3) He was denied due process through the introduction into evidence of inflammatory photographs of the victims.

Nettles asserts that his arrest warrant was issued without probable cause, and therefore, the pre-trial identification testimony should have been suppressed. Nettles concedes that this fourth amendment claim was never raised in the state trial court.

Although Nettles filed a motion to suppress the pre-trial identification in the state trial court, that motion was not based on fourth amendment grounds. The Florida Rules of Criminal Procedure establish a manner for challenging evidence obtained where there is allegedly no probable cause for the issuance of an arrest warrant.[1] Likewise, "[w]here the State has provided an opportunity for full and fair litigation of a fourth amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976) (footnote omitted).

 Nettles, however, argues that the holding in *Stone* does not preclude federal review of his fourth amendment claim because that claim was never raised by his counsel. Challenges based on federal constitutional claims will not be considered for the first time on habeas corpus review absent a showing of cause for non-compliance and actual prejudice arising from the alleged constitutional violation. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). As we noted previously, Nettles never moved the state trial court to suppress the out-of-court lineup testimony of one of the victims on the ground that the arrest warrant was issued without probable cause. Nettles volunteered no explanation to the federal district court for his failure to raise this issue prior to, or during his state trial. Furthermore, extrinsic evidence adduced at trial was sufficient to negate any possibility of actual prejudice resulting to Nettles by the admission of this testimony. Thus, the district court properly denied Nettles's request for an evidentiary hearing on this claim where sufficient cause for the failure to raise this issue in the state trial court and actual prejudice resulting from the admission of the victim's testimony was not demonstrated.

 Neither the Constitution nor 28 U.S.C. § 2254 contain language requiring that state trials be limited to the factual determination of a defendant's guilt or innocence, leaving federal constitutional claims not raised in the state proceedings to be aired for the first time on a habeas corpus petition in federal court. Criminal defendants believing federal constitutional rights are about to be violated must follow state procedures for making known the basis of their objections. *Wainwright v. Sykes*, 433 U.S. 72, 90, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977). *See Sumner v. Mata*, 449 U.S. 539, 546, 101 S.Ct. 764, 769, 66 L.Ed.2d 722, 731 (1981). Consequently, Nettles's procedural default bars federal habeas review on the merits. *Madeley v. Estelle*, 606 F.2d 561 (5th Cir. 1979).[2]

1. Florida Rules of Criminal Procedure 3.190(h)(4) states:
 *Time for Filing.* The motion to suppress shall be made prior to trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion or an appropriate objection at the trial.

2. It is incumbent upon the petitioner to state the cause for failing to raise the fourth amendment objection at the state level. Having failed to do so, *Wainwright v. Sykes* bars our consideration of this issue. We note that *Nettles* cites a footnote from *Tyler v. Phelps*, 622 F.2d 172 (5th Cir. 1980), as standing for the proposition that, in determining the "cause" element of *Wainwright v. Sykes*, the district court may not speculate whether a failure to object to certain jury instructions in the state trial involves a deliberate decision by counsel. *Tyler*, 622 F.2d at 177–78 n.8. Particularly concerned with the sixth amendment effectiveness of counsel issue, the footnote suggests that the district court must have facts sufficient to indicate a deliberate decision by counsel not to object before it can deny habeas relief, and anything less entitles the non-objecting party to a hearing on the matter before the district court. We question the applicability of this reasoning to the situation here, where the opportunity to suppress evidence, *on whatever ground he chooses*, was made available by the state on the motion of the party now claiming entitlement to a hearing to consider the reasons for failing to raise the fourth amendment ground. In any event, *Tyler v. Phelps* has been reversed

Nettles next alleges that he was denied due process of law by the admission into evidence of the in-court identification testimony of one of the victims, Estelle Buschena, and her testimony concerning her pre-trial identifications. Claims that the circumstances of a police identification procedure are so unnecessarily suggestive as to produce irreparable misidentification must be evaluated in light of the totality of the surrounding circumstances. *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). At the motion to suppress hearing, the circumstances surrounding the pre-trial identification made by the victims were explored.

According to the record, Buschena viewed a photo-pak of five black males, all of whom had characteristics similar to those of the petitioner. After selecting two photos, she then identified one of them as Nettles's photo. She stated at the time, however, that she was not positively certain that Nettles was her assailant. At a lineup held the next day, Buschena unequivocally identified Nettles as the man who had attacked and robbed her and her husband. Though none of the other participants in the lineup also appeared in the photo-pak examined by Buschena, we cannot say that the lineup was therefore unnecessarily suggestive. All the participants fit the same description as, and were of similar appearance to Nettles. Furthermore, Nettles was represented by counsel at the lineup. At trial, Buschena identified the petitioner and testified regarding the photo-pak and lineup identifications.

The key factor in determining the admissibility of identification testimony is whether, under the totality of the circumstances, the identification was reliable. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). The factors to be considered in evaluating the reliability of the identification were enumerated by the Supreme Court in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972): the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. 409 U.S. at 199, 93 S.Ct. at 382. Applying these factors, we agree with the district court that the identification by Buschena was reliable. Buschena testified that she observed Nettles at close proximity when he first came to her door. She had an opportunity to view Nettles for more than twenty minutes in broad daylight and observed Nettles during the crime. After some deliberation, Buschena selected Nettles's picture from the photo-pak display and also positively identified Nettles at the lineup. The photo-pak and lineup confrontation were both held within two days of the crime. Clearly, the identification was encompassed by indicia of reliability. "[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). Such is not the case here.

Nettles's final contention is that he was denied due process through the introduction into evidence of inflammatory photographs of the victims. This contention is likewise without merit. As a general rule, a federal court in a habeas corpus case will not review the trial court's actions in the admission of evidence. *Lisenba v. California*, 314 U.S. 219, 228, 62 S.Ct. 280, 286, 86 L.Ed. 166 (1941); *Gephart v. Beto*, 441 F.2d 319, 321 (5th Cir. 1971). While it is true that an evidentiary ruling which deprives a state court defendant of fundamental fairness is cognizable on habeas corpus, *see Barnard v. Henderson*, 514 F.2d 744 (5th Cir. 1975), the federal court will make inquiry "only to determine whether the error was of such magnitude as to deny fun-

on rehearing. See *Tyler v. Phelps*, 643 F.2d 1095 (5th Cir. 1981).

damental fairness to the criminal trial . . . ." *Hills v. Henderson*, 529 F.2d 397, 401 (5th Cir. 1976). The admission oɪ prejudicial evidence justifies habeas corpus relief only if the evidence "is material in the sense of a crucial, critical, highly significant factor." *Hills*, 529 F.2d at 401 (*quoting Corpus v. Beto*, 469 F.2d 953, 956 (5th Cir. 1972), *cert. denied*, 414 U.S. 932, 94 S.Ct. 236, 38 L.Ed.2d 162 (1973)). Upon examination of the photographs in question, we agree with the district court that they are not inflammatory or gruesome, and their introduction into evidence was not so critical as to deny Nettles a fundamentally fair trial.[3]

For the reasons expressed herein, we find no error in the denial of Nettles's petition for habeas relief. The order of the district court is, therefore, affirmed.

AFFIRMED.

---

**3.** Nettles claims that the trial court applied the wrong standard in admitting the photographs into evidence, the proper test being whether the photographs are relevant to any issue required to be proven in the case. *State v. Wright*, 265 So.2d 361 (Fla.1972). In *Wright*, the Florida Supreme Court announced the current position on photographic evidence:

> Allegedly gruesome and inflammatory photographs are admissible into evidence if relevant to any issue required to be proven in a case. Relevancy is to be determined in the normal manner, that is, without regard to any special characterization of the proffered evidence. Under this conception, the issues of "whether cumulative," or "whether photographed away from the scene," are routine issues basic to a determination of relevancy, and not issues arising from any "exceptional nature" of the proffered evidence. *Wright*, 265 So.2d at 362.

Scrutinized under this relevancy standard, the admission of the photographs is still proper. The photographs in question depicted the victims, Mr. and Mrs. Buschena, in a blood covered state with their hair matted with blood, clothes ripped off and in a semi-conscious condition. Nettles was charged with robbery, assault with intent to commit murder in the first degree, and aggravated battery. Contrary to Nettles's assertions that the injuries sustained by the victims were not relevant to any issue required to be proven, the nature and extent of the injuries were highly relevant circumstances which tended to prove the force element in the robbery charge, the intent element in the assault charge, and the physical injury element in the aggravated battery charge. A defendant cannot, by not questioning the nature and extent of a victim's injuries, relieve the prosecution of its burden of proof beyond a reasonable doubt. *Foster v. State*, 369 So.2d 928, 930 (Fla.1979).