Fletcher SHAW, Plaintiff-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Defendant-Appellee.

No. 81–1565.

United States Court of Appeals, Fifth Circuit.

Sept. 20, 1982.

Rehearing Denied Oct. 18, 1982.

---

Steven H. Swander, Fort Worth, Tex., for plaintiff-appellant.

Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for defendant-appellee.

Before CLARK, CHIEF JUDGE, GEE and GARZA, Circuit Judges.

GARZA, Circuit Judge:

Appellant, Fletcher Shaw, was convicted after a trial by jury of possession and selling of a small amount of heroin to an undercover agent. He was sentenced to serve fifty years,[1] and the judgment was affirmed on direct appeal. After state remedies were exhausted, he filed for federal habeas relief pursuant to 28 U.S.C. § 2254. A panel of this Court, in an unpublished opinion, remanded this action back to the district court for an evidentiary hearing. That hearing was held, the district court entered its findings and Shaw again appeals to this Court. We affirm.

The relevant facts are as follows: On December 16, 1972, appellant Shaw, in two separate transactions, sold small amounts of heroin to an undercover agent of the Fort Worth Police Department, A. L. Sommerville. The first sale occurred shortly after noon (noon sale) and the second occurred later that evening at 10:30 p. m. (evening sale). Shaw was indicted for each sale but was tried on only one count, that count involving the evening sale. At trial, the heroin packet from the noon sale which was virtually identical in amount and purity to the heroin purchased at the evening sale,[2] was inadvertently presented into evidence and identified by Sommerville as the heroin purchased from Shaw at the evening sale.[3] Since neither the prosecution nor the defense were aware of the mistake, the defendant did not object to the admission of the evidence on these grounds. In regards to the evening sale, Sommerville testified at trial that he went to Shaw's house where the defendant asked the agent if he wanted to purchase "another half." There was testimony that the term "another half" was street vernacular meaning one-half of a gram of heroin. Sommerville also testified that he knew the "brown powdery substance" to be heroin. The other heroin packet was never introduced or mentioned before the jury during trial.

In remanding this case to the district court for an evidentiary hearing, this court previously noted "that the admission of improper evidence in a state criminal trial will constitute grounds for habeas relief if fundamental fairness was prevented thereby." Accordingly, the panel ordered the district court to determine "whether the testifying

---

1. At the evidentiary hearing ordered by this Court and held before District Judge David O. Belew, Jr., on July 10, 1981, Shaw testified that he would be eligible for parole in one year.

2. Specifically, the district court made the following findings with respect to both packets of heroin:

| | Evening Sale | Noon Sale |
| --- | --- | --- |
| Laboratory Number | 27057 | 27058 |
| Date | 12–16–72 | 12–16–72 |
| Time | 10:30 p.m. | 12:30 p.m. |

| | Evening Sale | Noon Sale |
| --- | --- | --- |
| Subject | Fletcher Shaw | Fletcher Shaw |
| Purity | 2.56% heroin | 2.5% heroin |
| Weight | 0.16 grams | 0.13 grams |

3. It was suggested at oral argument that the cause of the mix-up may well have been the fact that the earlier sale was given a higher sequence laboratory number which may have caused the chemist and/or Sommerville to inadvertently assume that the higher lab number contained the heroin purchased at the later sale.

officer perjured himself or committed an inadvertent error, and whether both packets contained heroin." After a hearing, the district court found that the wrong packet of evidence was inadvertently admitted into evidence and that both packets contained heroin of approximately the same weight and purity.[4] The court found further that Sommerville was unaware of the mistake and that he had not perjured himself at trial. Habeas relief, therefore, was denied.

On appeal, Shaw asserts that the testimony of Sommerville and the chemist about the wrong packet of heroin denied him fundamental fairness and due process of law. Appellant asserts that his conviction cannot be based on false testimony and narcotic evidence unrelated to the crime charged. Without the use of such false testimony, appellant asserts there would be no evidence to support his conviction.

We find no merit to appellant's argument. The use of the wrong packet of heroin was an inadvertent mistake at trial. No party was aware of the problem, and without a doubt, had defense counsel objected to the use of such evidence or had the mistake been otherwise noted, it could have been corrected. It is clear that reference to the wrong packet had no effect on the jury's perception of the facts.

■ The admission of improper evidence in a state criminal trial will constitute grounds for habeas relief if fundamental fairness was prevented thereby. *See Blankenship v. Estelle*, 545 F.2d 510, 516–17 (5th Cir. 1977); *Anderson v. Maggio*, 555 F.2d 447, 451 (5th Cir. 1977); *Woods v. Estelle*, 547 F.2d 269, 271, (5th Cir.), *cert. denied*, 434 U.S. 902, 98 S.Ct. 297, 54 L.Ed.2d 188 (1977). The words of Judge Brown in *Luna v. Beto*, 395 F.2d 35 (5th Cir. 1968) (en banc), *cert. denied* 394 U.S. 966, 89 S.Ct. 1310, 22 L.Ed.2d 568 (1969) concerning the impact of a state evidentiary mistake in a federal habeas proceeding are particularly relevant to this case.

... [F]or an otherwise valid state conviction to be upset years later on federal habeas, surely something more than an evidentiary *mistake* must be shown. If *mistake* is enough, then never, simply never, will the process of repeated, prolonged, postconviction review cease. For in every trial, or at least nearly every trial, there will be, there are bound to be, some mistakes.

What elevates the 'mistake' to a constitutional plane is at least two-fold. First, the mistake must be material in the sense of a crucial, critical, highly significant factor. Second, it must have some State complicity in it. As to this, I do not for a moment think innocence of the prosecutor is an assured out.... But someone in the state machinery must have some awareness that testimony being palmed off as the gospel is something else indeed.

395 F.2d at 40–41 (Brown, C. J., specially concurring).[5]

■ Appellant presents this court with a claim that false testimony was used to convict him; he presents a *Giglio* claim.[6] In *Griffith v. United States*, 535 F.2d 320 (5th Cir. 1976), we outlined the test for determining the merits of such a claim.

To prevail on a *Giglio* claim, the petitioner must prove (1) that the statement was actually false, *Corpus v. Beto*, 469 F.2d 953 (5th Cir. 1972), *cert. denied*, 414 U.S. 932, 94 S.Ct. 236, 38 L.Ed.2d 162 (1973), (2) that it was material, *Luna v. Beto*, 395 F.2d 35 (5th Cir. 1968) (en banc), *cert. denied*, 394 U.S. 966, 89 S.Ct. 1310, 22 L.Ed.2d 568 (1969), and (3) that the prosecution knew it was false, *Luna v. Beto*, [395 F.2d 35], 41 (Brown, C. J., concurring).

535 F.2d at 321. It is clear that under the test set forth in *Griffith*, the facts of this case do not warrant relief. Appellant did not, and indeed, could not establish the

---

4. *See* note 2, *supra.*

5. Although Judge Brown did not write the majority opinion, his special concurrence was joined by seven other judges. Thus, Judge Brown's views also represented the view of a majority of the 14-judge court.

6. *See Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

**276**

third prong of this test—that the prosecution knew that the wrong packet of heroin had been used. In the words of Judge Brown, there is no "state complicity." Furthermore, the "materiality" of the evidence is tenuous, particularly in light of agent Sommerville's testimony that Shaw offered to sell him a "half-gram" (that is, heroin), that Shaw purported to sell such heroin in the packet described by Sommerville, and that agent Sommerville knew such a "brown powdery substance" to be heroin.[7] It is evident, therefore, that appellant is not entitled to habeas relief on these grounds. Whatever error was caused by the mistake was harmless.

AFFIRMED.

---

**7.** In all fairness, it is to be noted that defense counsel objected to Sommerville's testimony that the packet he purchased was purported to be heroin. The court permitted Sommerville to testify as to what he knew. Counsel did not thereafter object, however, nor did he significantly attempt to impeach Sommerville's knowledge that such was heroin on cross-examination.