UNITED STATES of America,
Plaintiff-Appellee,

v.

David L. MACK, Defendant-Appellant.

No. 82–3215
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 1983.

James E. Bolin, Jr., Shreveport, La. (Court-appointed), for defendant-appellant.

D.H. Perkins, Jr., Asst. U.S. Atty., Shreveport, La., for plaintiff-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

In 1975, David Mack was convicted under 21 U.S.C. §§ 841(a)(1), 846, upon trial by jury of conspiracy to distribute methamphetamine and of distributing eight ounces of methamphetamine to codefendant, James Dauman. He received concurrent terms of five and two years, which he has served. It is passing strange that this case comes to us in this proceeding and at this time as the appeal from his conviction.

In an earlier habeas corpus proceeding, 28 U.S.C. § 2255, this Court remanded Mack's case to the district court after it had denied relief. We directed a hearing on whether there had been inadequate representation by counsel in perfecting an appeal back in 1975. *Mack v. Smith*, 659 F.2d 23 (5th Cir.1981). Pursuant to that remand the district court after a hearing found that Mack's then counsel was timely asked by Mack to file an appeal, promised to file an appeal, yet failed to do so before the appeal time ran. His later appeal was dismissed as not timely filed. In view of these findings, the district court granted Mack an out-of-time appeal from his 1975 conviction, and that appeal is now before us. The remaining portions of the § 2255 motion were dismissed without prejudice and are not before us at this time.

Mack's appeal is based upon the claim that his conviction was grounded virtually entirely on perjured testimony by a coconspirator and defendant, James Dauman, and an unindicted coconspirator, his wife, Kay Dauman.

The evidence at the trial showed that Drug Enforcement Administration special agents purchased the controlled substance from James Dauman in two transactions and that Kay Dauman participated in the sales. David Mack is involved solely because the Daumans identified him as the distributor to them of the methamphetamine, and DEA agents saw him in and around the waterbed store operated by Dauman. In the instance of James Dauman, he testified as the result of a plea bargain. Kay Dauman testified upon a grant of immunity from prosecution in connection with anything to which she might testify at the trial with the exception that the immunity did not cover perjury committed at the trial. The jury was fully informed of the plea bargain and of the grant of immunity. The two witnesses testified that there had been no coercion beyond that inherently involved in a plea bargain and a grant of immunity. Dauman specifically denied that he had been threatened with thirty years in the penitentiary if he did not enter the plea bargain, and Kay Dauman denied that she had been told that if she did not testify Dauman would be given a long sentence and her unborn child would be taken away from her at birth. Testimony of government agents confirmed the testimony concerning the details of the plea bargain and the grant of immunity and the lack of coercion.

The evidence at the trial also revealed that the Daumans had committed perjury in earlier statements to the grand jury and to the government agents. The instructions to the jury specifically recognized this fact also as proper impeachment of the veracity of the government witnesses.

This appeal now relies upon the same claims of coercion of the government witnesses which were fully revealed during the trial and subjected to a jury verdict under proper specific instructions. Mack's claim is that the Daumans perjured themselves under oath at the trial in implicating Mack because of the coercion with which the DEA agents confronted them. Further, Mack shows that attorney Pat Phillips made an affidavit in 1979 to the effect that Kay Dauman had volunteered to him prior to the trial that her statement to the agents was given because of threats and coercion.

Appellant Mack first contends that this Court should order entry of a judgment of acquittal. Mack is not entitled to entry of a judgment of acquittal unless the evidence was insufficient. He contends the evidence was insufficient because the Daumans' testimony was so untrustworthy that it merited no consideration.

"The verdict of a jury must be sustained if there is substantial evidence, taking the

view most favorable to the Government, to support it." *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 96 L.Ed. 680 (1942).

> It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of the evidence....

*United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982) (en banc).

▆▆▆ The jury is the ultimate judge of the credibility of witnesses; whether the Daumans' testimony was credible was an issue for the jury. *See United States v. Lerma,* 657 F.2d 786, 789 (5th Cir.1981), *cert. denied,* 455 U.S. 921, 102 S.Ct. 1279, 71 L.Ed.2d 463 (1982). This Court will intervene and declare testimony incredible as a matter of law only when it "is so unbelievable on its face that it defies physical laws." *Id.,* and cases cited. This case falls far short of that requirement. Whether their past records and present favorable treatment cast doubt upon the Daumans' credibility were questions for the jury. *United States v. De Los Santos,* 625 F.2d 62, 65 (5th Cir.1980); *see also United States v. Garner,* 581 F.2d 481, 484–486 (5th Cir.1978) (witnesses were addict-informers).

The Daumans' testimony concerning the facts constituting the offenses was consistent and uncontradicted. Moreover, it was corroborated by the agents' testimony of the transactions they had with the Daumans, and by the methamphetamine they bought, which was in evidence. None of the evidence admitted at the trial demonstrated that the Daumans lied in their testimony. We must conclude that Mack is not entitled to a judgment of acquittal. The remedy for other reversible trial errors is remand for retrial. *Burks v. United States,* 437 U.S. 1, 14, 98 S.Ct. 2141, 2148, 57 L.Ed.2d 1 (1978).

Mack then contends that he is at least entitled to a new trial, or at least a remand for a hearing on his motion for a new trial. He argues that the 1979 affidavit of the attorney as to what Kay Dauman allegedly said, and the transcript of a codefendant's trial which contained Dauman's testimony and was not available at the time of the Mack trial, require a new trial. The record in the trial of the codefendant is irrelevant because in that trial Dauman never made reference to Mack. As to the affidavit made by the attorney Pat Phillips, it can only stand as an affidavit which is contrary to testimony at a trial and believed by a jury. At most, it would only tend to impeach Kay Dauman's credibility.

This Court has stated the relevant law in this kind of situation in *United States v. Antone,* 603 F.2d 566, 568 (5th Cir.1979). In that case we said,

> In order to prevail upon a Rule 33 motion, a defendant must ordinarily show
>
> (1) that the evidence was newly discovered and was unknown to the defendants at the time of the trial;
>
> (2) that the evidence was material, not merely cumulative or impeaching;
>
> (3) that it would probably produce an acquittal; and
>
> (4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendants.

*United States v. Rachal,* 473 F.2d 1338, 1343 (5th Cir.), *cert. denied,* 412 U.S. 927, 93 S.Ct. 2750, 37 L.Ed.2d 154 (1973). An exception exists, however, where it is shown that the Government's case included false testimony and the prosecution knew or should have known of the falsehood. The cases hold that in that event a new trial must be held if there was any reasonable likelihood that the false testimony would have affected the judgment of the jury....

▆▆▆ Mack obviously cannot meet the *Rachal* requirements because the alleged new evidence is "merely impeaching". To obtain a new trial Mack would have to prove that (1) the statements actually were false; (2) the statements were material, *i.e.,* "a highly significant factor reasonably like-

ly to have affected the judgment of the jury"; and (3) the prosecution knew they were false. *See Griffith v. United States,* 535 F.2d 320, 321 (5th Cir.1976).

The attorney's affidavit, or testimony to the same effect at a hearing on a new trial motion, would not prove the requisite elements as set out in *Griffith.* His testimony would not prove that the prosecution knew Kay Dauman's trial testimony was false, or even that the testimony was in fact false.

We conclude Mack has shown no reversible error either by attacking the sufficiency of the evidence in the record or by establishing the existence of significant new evidence.

Mack has also filed in this Court a motion for a new trial under Rule 33, Fed. R.Crim.P. on the grounds of newly discovered evidence, repeating the allegations of his brief. He requests either the granting of this motion or a remand for an evidentiary hearing. Rule 33, however, is a rule providing for motions to the district courts. Here an appeal is pending. This Court could remand to permit the filing and consideration of a Rule 33 motion in the district court. *See United States v. Fuentes-Lozano,* 580 F.2d 724, 726 (5th Cir.1978). Based upon all of the elements of the controversy which are before this Court, however, no valid purpose could be served by such a remand. Mack's claim of newly discovered evidence actually consists of no more than an affidavit that Kay Dauman had earlier indicated she was coerced into testifying under immunity. The matter of coercion was fully inquired into in the trial itself, and the jury heard her denial.

The jury verdict must stand in this case. The jury was aware of all the significant challenges to the veracity of the testimony of the key government witnesses, James and Kay Dauman. The jury was properly instructed with respect to these charges of partiality and the admitted prior perjury. The jury, nevertheless, chose to believe the government witnesses. This was their prerogative.

The judgment and sentence of the district court, based upon the verdict of the jury, is AFFIRMED.

The motion for a new trial or a remand to the district court to permit the filing of a motion for a new trial is DENIED.