IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-40840
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY RICHARD SPYKES, also known as Boss Larry,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:01-CR-44-2
--------------------
December 10, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Larry Richard Spykes (Spykes) of conspiracy to manufacture, distribute, or possess with intent to manufacture, distribute or dispense methamphetamine under 21 U.S.C. §§ 841(a)(1), 846. He contends that there was insufficient evidence to sustain the jury's verdict. Spykes' appeal is based upon his contention that the testimony of three of his co-conspirators was not credible because they were offered

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

leniency in their sentencing in exchange for their testimony. Spykes also specifically challenges the testimony of the co-conspirator Randell Thompson (Thompson), asserting that newly discovered evidence has revealed that Thompson was lying during his trial testimony.

Spykes did not move for judgment of acquittal after the Government rested its case or at the end of the trial; consequently, our review of the sufficiency of the evidence is limited to determining "whether there was a manifest miscarriage of justice." United States v. Galvan, 949 F.2d 777, 783 (5th Cir. 1991) (internal quotation marks and citation omitted).

None of the witnesses whose testimony is attacked testified as to facts that they "physically could not have observed or events that could not have occurred under the laws of nature." United States v. Gadison, 8 F.3d 186, 190 (5th Cir. 1993) (internal quotation marks and citation omitted). In addition, the jury was made aware that each of the co-conspirators had entered into a plea agreement with the Government, was apprised of the terms of those agreements, and was instructed by the district court to carefully weigh the credibility of the government witnesses who had plea agreements. We will not second-guess the jury's determination of credibility. See United States v. Green, 293 F.3d 886, 895 (5th Cir. 2002).

Spykes' attack on Thompson's testimony simply is another method of attacking a witness' credibility. At most, Spykes'

newly discovered evidence is cumulative and impeaching and, therefore, as a matter of law, is not sufficient basis for granting the relief sought by Spykes.  See United States v. Mack, 695 F.2d 820, 822 (5th Cir. 1983).

Accordingly, the judgment of the district court is hereby AFFIRMED.