495 So.2d 914 (1986)
Armando SILVEIRA-HERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-2626.
District Court of Appeal of Florida, Third District.
October 14, 1986.
*915 Bennett H. Brummer, Public Defender, and Lawrence M. Malman, Special Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Richard Kaplan, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The defendant, appealing from convictions for aggravated battery, aggravated assault, battery, and unlawful possession of a firearm while engaged in the commission of a criminal offense, raises three points on appeal. We find that the claimed error that the trial court unduly restricted the defendant's cross-examination of one of the victims was not preserved for review by an appropriate proffer of the intended testimony. We find no error whatsoever in the trial court's refusal to reinstruct the jury. Finally, we find that the admission of certain hearsay testimony, although clearly error, was, in the circumstances of this case, harmless. Only this last point merits further discussion.
It is obvious to us from the trial court's ruling that permitted the prosecutor to elicit the challenged hearsay testimony and from the State's argument on appeal that we have not sufficiently made clear that an investigating officer's testimony relating an alleged victim's version of how the crime occurred is pure and simple hearsay even though the officer has interviewed the victim at the scene of the crime and shortly after its commission.[1] Such testimony is admissible neither on the trial court's theory that the officer "was there" nor on the State's theory that the testimony is relevant to show the officer's course of action, that is, that he interviewed the supposed victim. If a testifying witness's presence upon hearing the declarant speak were justification to admit a narrative of the declarant's statement despite the rule precluding hearsay, there would be no rule precluding hearsay. Likewise, if testimony concerning the content of witness interviews were admitted to prove the irrelevant *916 fact that the police conducted them, see Postell v. State, 398 So.2d 851, 855 n. 7 (Fla. 3d DCA) ("the arrest of the defendant is not an element of the crime to be proved, and proof concerning the fact that it occurred, the circumstances of it, and the reasons for it is ordinarily irrelevant"), rev. denied, 411 So.2d 384 (Fla. 1981), the rule precluding hearsay would, at least in most criminal cases, be destroyed.
Nevertheless, because of the fortuity that the officer's testimony about what the victim told him differed in many material respects from the victim's in-trial version of how the crime occurred, it had the effect of impeaching rather than bolstering the victim's testimony. Thus, the trial court's error was helpful rather than harmful to the defendant, as, indeed, defense counsel himself recognized when, during closing argument, he deftly exploited the differences in the two accounts of the crime.
Affirmed.
NOTES
[1] We reject entirely the State's suggestion that the alleged victim's statement to the officer was within the spontaneous statement or excited utterance exceptions to the hearsay rule, as it is evident that the victim had more than ample time to reflect and deliberate on his story. See § 90.803(1), (2), Fla. Stat. (1983); Lyles v. State, 412 So.2d 458 (Fla. 2d DCA 1982). Moreover, the State concedes that the testimony was not admissible to rebut a charge that the victim's trial testimony was a recent fabrication, § 90.801(2)(b), or to prove identification, § 90.801(2)(c).