PER CURIAM.
Where, as in the present case, the verdict finding the defendant guilty of trafficking in cocaine necessarily depended on the jury’s crediting Officer Aguillar’s testimony that he actually saw the defendant in possession of the cocaine and their rejecting the defendant’s contrary testimony that Aguillar removed the cocaine from the automobile in which the defendant, by his own account unaware of the cocaine’s presence, was riding, we cannot conscientiously conclude beyond a reasonable doubt that the conceded error[1] — the admission of Aguillar’s testimony that preceding the defendant’s arrest an informant told Aguillar that the defendant would be in possession of cocaine[2] — did not affect the verdict. *1052 State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Accordingly, the defendant’s conviction is reversed, and the cause is remanded for a new trial.
DANIEL S. PEARSON and JORGENSON, JJ., concur.

. The State, acknowledging the error, argues only that it is harmless.

. The officer’s testimony, admitted over the defendant's objection, was:
"I received a phone call which told me that the co-defendant and the defendant and a female will be coming from Hialeah to the address of 1629 Northwest North River Drive where they will be coming in a brown Cutlass *1052 Supreme and that the co-defendant will be selling five to six ounces of cocaine to the defendant and that they would have it in their possession and...."
There is neither a "probable cause" exception to the hearsay rule, Wells v. State, 477 So.2d 26, 27 n. 1 (Fla. 3d DCA 1985), nor an "explanation of the officer's course of action" exception, Sil-veira-Hemandez v. State, 495 So.2d 914 (Fla. 3d DCA 1986), which would allow this unadulterated hearsay to be admitted.